**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BOOKER T. HUFFMAN,<br><br>      Plaintiff,<br><br> v.<br><br>ACTIVISION PUBLISHING, INC.,<br>ACTIVISION BLIZZARD, INC., and<br>MAJOR LEAGUE GAMING CORP.,<br><br>      Defendants. | Civil Action No. 2:19-cv-00050-RWS-RSP |

**DEFENDANTS ACTIVISION PUBLISHING, INC., ACTIVISION BLIZZARD, INC., AND MAJOR LEAGUE GAMING CORP.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................... 1

II. BACKGROUND ................................................................................................ 1

III. THE COMPLAINT FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT ............................................................................................... 2

    A. Access to the Copyrighted Works Is Not Alleged ................................. 3

    B. The Works Are Not Strikingly Similar ................................................... 4

IV. TWO OF HUFFMAN'S WORKS HAVE NOT BEEN REGISTERED WITH THE COPYRIGHT OFFICE ........................................................................................ 9

V. CONCLUSION .................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Armour v. Knowles*,
    512 F.3d 147 (5th Cir. 2007) ..................................................................................3, 4, 8

*Cabell v. Sony Pictures Entm't, Inc.*,
    714 F. Supp. 2d 452 (S.D.N.Y. 2010), *aff'd*, 425 F. App'x 42 (2d Cir. 2011)..........................7

*Cavalier v. Random House, Inc.*,
    297 F.3d 815 (9th Cir. 2000) ...................................................................................7

*Effie Film, LLC v. Pomerance*,
    909 F. Supp. 2d 273 (S.D.N.Y. 2012)........................................................................6

*Engineering Dynamics, Inc. v. Structural Software, Inc.*,
    26 F.3d 1335 (5th Cir. 1994) ................................................................................5, 7

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*,
    139 S. Ct. 881 (2019)............................................................................................1, 9

*Guzman v. Hacienda Records & Recording Studio, Inc.*,
    808 F.3d 1031 (5th Cir. 2015) ..............................................................................3, 5

*Horizon Comics Prods., Inc. v. Marvel Entm't, LLC*,
    246 F. Supp. 3d 937 (S.D.N.Y. 2017)........................................................................7

*Kern River Gas Transmission Co. v. Coastal Corp.*,
    899 F.2d 1458 (5th Cir. 1990) ..................................................................................7

*Laspata DeCaro Studio Corp. v. Rimowa GmbH*,
    No. 16 Civ. 934 (LGS), 2018 WL 3059650 (S.D.N.Y. June 20, 2018)....................8

*Nichols v. Universal Pictures Corp.*,
    45 F.2d 119 (2d Cir. 1930) (Hand, J.).......................................................................7

*Plains Cotton Co-op. Ass'n of Lubbock, TX v. Goodpasture Comp. Serv., Inc.*,
    807 F.2d 1256 (5th Cir. 1987) ..................................................................................2

*Randolph v. Dimension Films*,
    630 F. Supp. 2d 741 (S.D. Tex. 2009) ...................................................................4, 5

*Selle v. Gibb*,
    741 F.2d 896 (7th Cir. 1984) ..............................................................................3, 5, 8

*Vallery v. Am. Girl, L.L.C.*,
    697 F. App'x 821 (5th Cir. June 29, 2017) ................................................................................8

*Walker v. Viacom Int'l, Inc.*,
    No. C 06-4931 SI, 2008 WL 2050964 (N.D. Cal May 13, 2008) ...............................................5

**Statutes & Rules**

17 U.S.C. § 411(a) ........................................................................................................1, 9, 10

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................1, 10

I. **INTRODUCTION**

Defendants Activision Publishing, Inc., Activision Blizzard, Inc., and Major League Gaming Corp. (together, "Defendants") hereby move to dismiss Plaintiff Booker T. Huffman's ("Huffman") Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to comply with the pre-suit requirements of 17 U.S.C. § 411(a).

Huffman fails to state a claim for copyright infringement because he does not plausibly allege that Defendants copied any of his works in designing a "prequel" version of a video game character Defendants created years before. Simply put, Huffman's Complaint does not allege any facts suggestive of direct copying. In fact, it does not allege that Defendants *could* have accessed, much less *did* access, any of his works prior to designing their character. Nor are Huffman's comic book character and Defendants' video game character "strikingly similar," such that copying plausibly could be inferred.

Moreover, two of the three works Huffman claims have been infringed have not even been registered by the U.S. Copyright Office. Thus, "no civil action for infringement of the[se] copyright[s]" may be instituted under 17 U.S.C. § 411(a), as recently interpreted by the Supreme Court in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019). For these reasons, Defendants request that the Court dismiss the Complaint.

II. **BACKGROUND**

On February 12, 2019, Huffman, a resident of Friendswood, Texas, filed a Complaint against Defendants, three Delaware corporations, asserting a single cause of action for copyright infringement. *See* Compl., ECF No. 1. The theory underlying this claim is that Defendants, without Huffman's authorization, copied a comic book character he created named "G. I. Bro" in designing a prequel version of the character David "Prophet" Wilkes for their video game *Call of Duty: Black Ops 4*. *See id.* ¶ 6.

1

Huffman alleges that in 2015, he teamed with an independent contractor, who created "four cartoon versions of G. I. Bro" and produced both a preview comic book and a longer version of the comic book, respectively titled *G. I. Bro and the Dragon of Death Preview* and *G. I. Bro and the Dragon of Death*. *Id.* ¶¶ 14–15. According to the Complaint, Huffman promoted G. I. Bro and these comic books by appearing at comic book events dressed as G. I. Bro. *See id.* ¶ 14. Huffman alleges he is the author and sole owner of all right, title, and interest in and to the four drawings of G. I. Bro and the two comic books. *Id.* ¶ 15. He further alleges that he filed an application for registration of his copyrights in the drawings and the preview comic book, and that the U.S. Copyright Office issued a Certificate of Registration for the longer version of the comic book on January 8, 2019. *Id.* ¶¶ 16–18.

The Complaint does *not* allege, however, that Defendants had access to copies of any of these works prior to designing the prequel version of Prophet. Rather, Huffman's Complaint admits that, to his knowledge, he "has never personally had any contact with Defendants." Compl. ¶ 22. And, equally significantly, the Complaint does not allege that *any* of these works *ever* have been distributed or made available to the public.

### III. THE COMPLAINT FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

Huffman's Complaint does not allege facts that, if true, plausibly show one of the two elements necessary for copyright infringement: copying by Defendants. The Complaint does not allege that Defendants had access to any of Huffman's works when designing the prequel version of Prophet, much less that they directly copied these works. Nor is there striking similarity between the works—the other way to prove copying by circumstantial evidence.

"Copyright infringement is shown by proof that the injured party owned copyrighted material and that the infringer copied that material." *Plains Cotton Co-op. Ass'n of Lubbock, TX*

2

*v. Goodpasture Comp. Serv., Inc.*, 807 F.2d 1256, 1260 (5th Cir. 1987) (citing *Miller v. Universal City Studios*, 650 F.2d 1365, 1375 (5th Cir. 1981)). Under Fifth Circuit law, the necessary element of "factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1037 (5th Cir. 2015) (quoting *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 368 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)). If "access" cannot be shown, a plaintiff may prove factual copying by "showing such a 'striking similarity' between the two works that the similarity could only be explained by actual copying." *Armour v. Knowles*, 512 F.3d 147, 152 n.3 (5th Cir. 2007) ("Knowles"); *see also Selle v. Gibb*, 741 F.2d 896, 904 (7th Cir. 1984).

### A. Access to the Copyrighted Works Is Not Alleged

Huffman alleges that in 2015, he teamed with an independent contractor to create "four cartoon versions of G. I. Bro," a "preview" comic book, and a "longer version" of the comic book. Compl. ¶¶ 14–15. He also alleges that he "has promoted his character and his comic books by appearing at comic book events dressed as G.I Bro." *Id.* ¶ 14.

One cannot plausibly infer from these allegations that Defendants had access to or even could have accessed any of these works. Huffman does not allege that any of his works have been displayed, distributed, sold, or otherwise made available to the public. Nor does he allege that Defendants were given copies of these works—for example, by providing Defendants with copies of the works under a nondisclosure or other agreement. Rather, Huffman alleges that he "has never entered into any agreements of any kind with Defendants; in fact, to his knowledge, Booker T. has never personally had any contact with Defendants." *Id.* ¶ 22.

3

One cannot plausibly infer from Huffman's allegation that he "has promoted his character and his comic books by appearing at comic book events dressed as G.I Bro" that Defendants had access to his copyrighted works. *Id.* ¶ 14.  "To establish access, a plaintiff must prove that 'the person who created the allegedly infringing work had a ***reasonable opportunity to view*** the copyrighted work' before creating the infringing work." *Knowles*, 512 F.3d at 152–53 (emphasis added) (citations omitted).  "Indeed, '[a] bare possibility will not suffice; neither will a finding of access based on speculation or conjecture.'" *Id.* at 153 (quoting *Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391, 394–95 (5th Cir. 2001)).

Here, Huffman does not allege he has a copyright in his G. I. Bro promotional *costume*, and therefore this allegation does not plausibly show Defendants had access to the "copyrighted work."  Even if it could, Huffman does not allege any facts suggesting that Defendants had a reasonable opportunity to view Huffman dressed in this costume.  Huffman does not allege when or where he made such promotional appearances, nor does he allege that Defendants or their employees or agents were present at the same comic book events.  Nor is there any reason to believe based on the allegations in Huffman's Complaint that Defendants, who are in the business of creating video games, were or should have been present at these comic book events.

### B. The Works Are Not Strikingly Similar

Having failed to allege that Defendants had a reasonable opportunity to view his copyrighted works, Huffman must rely on a theory of "striking similarity" to plausibly show copying.  The Complaint's depictions of G. I. Bro and Prophet, however, are not "strikingly similar" as a matter of law.[1]

---

[1]  Striking similarity, like substantial similarity, "may often be decided as a matter of law, on either a motion to dismiss or on summary judgment." *Randolph v. Dimension Films*, 630 F.

"In order to show that two [works] are strikingly similar, a plaintiff must demonstrate that the alleged 'similarities are of a kind that can only be explained by copying, rather than by coincidence, independent creation, or prior common source.'" *Guzman*, 808 F.3d at 1039 (quoting *Selle*, 741 F.2d at 904). This requires that the similarities between the two works be "sufficiently unique or complex so as to preclude all explanations other than copying." *Id.* at 1040; *see also Selle*, 741 F.2d at 904 (stating that the "similarities should appear in a sufficiently unique or complex context as to make it unlikely that both pieces were copied from a prior common source . . . or that the defendant was able to compose the accused work as a matter of independent creation") (citations omitted).

Moreover, in determining whether two works are "strikingly similar," "courts must distinguish between the protectable and unprotectable material because a party claiming infringement may place 'no reliance upon any similarity in expression resulting from' unprotectable elements." *Walker v. Viacom Int'l, Inc*., No. C 06-4931 SI, 2008 WL 2050964, *5 (N.D. Cal May 13, 2008) (quoting *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994)). This is because "[c]opyright law does not protect an idea, but only 'the expression of an idea.'" *Randolph*, 630 F. Supp. 2d at 746 (quoting *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996)).

"[E]xpressions that are standard, stock or common to a particular subject matter or are dictated by external factors" are not protectable under copyright law. *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1344 (5th Cir. 1994). For example, "it is well established that 'scènes à faire,' which involve 'incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic' are 'not

---

Supp. 2d 741, 746 (S.D. Tex. 2009) (citations omitted).

copyrightable as a matter of law.'" *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 292 (S.D.N.Y. 2012) (quoting *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 979 (2d Cir. 1980)).  Where the copyright holder alleges substantial or striking similarity, therefore, courts look to "whether the alleged 'similarities are due to protected aesthetic expressions original to the allegedly infringed work, or whether the similarity is to something in the original that is free for the taking,'" including scènes à faire.  *Id.* at 291 (quoting *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 67 (2d Cir. 2010)).

G. I. Bro is alleged to be a "special operations action hero," while Prophet is a fighter in the military video-game franchise *Call of Duty*.  Compl. ¶ 6.  The Complaint includes a single depiction of G.I. Bro and Prophet, reproduced below:




Compl. ¶ 7.  Although there are some generic similarities between these depictions of the characters—both are African American men with dreadlocks standing in a fighting pose with assault rifles—none of these generically similar elements are protectable under copyright law.[2]

First, "[t]he 'fighting pose' depicted in the[se] [illustrations] is a scène à faire in the superhero or comic book context." *Horizon Comics Prods., Inc. v. Marvel Entm't, LLC*, 246 F. Supp. 3d 937, 943 (S.D.N.Y. 2017).  Indeed, when evaluating a claim of copyright infringement in action figures, "the Court of Appeals [for the Second Circuit] has held that a fighting pose is an unprotectable idea under copyright law." *Cabell v. Sony Pictures Entm't, Inc.*, 714 F. Supp. 2d 452, 459 (S.D.N.Y. 2010), *aff'd*, 425 F. App'x 42 (2d Cir. 2011) (citing *Mattel, Inc. v. Azrak–Hamway Int'l, Inc.*, 724 F.2d 357, 360 (2d Cir. 1983)).  Depicting military personnel scowling and holding assault rifles likewise is a scène à faire in the action/adventure comic book and video game spaces.  Indeed, such features are unprotectable "situations and incidents that flow necessarily or naturally from a basic plot premise"—in this case, being prepared for battle. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2000).

Of course, the fact that G.I. Bro and Prophet are depicted as African American males follows necessarily from the race and gender of both characters, and therefore cannot constitute original elements protectable by copyright.  *Engineering Dynamics*, 26 F.3d at 1344 (explaining

---

[2]   To the extent Huffman contends his copyright is in the *character* G. I. Bro, rather than in the sole depiction of G. I. Bro included in the Complaint, the Complaint fails to include sufficient facts from which one can plausibly infer that G. I. Bro is copyrightable *as a character*. In order for a character to be copyrightable, it must be sufficiently distinctive. *See Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930) (Hand, J.) ("[T]he less developed the characters, the less they can be copyrighted; that is the penalty an author must bear for marking them too indistinctly."); *see also Kern River Gas Transmission Co. v. Coastal Corp.*, 899 F.2d 1458, 1463 (5th Cir. 1990) (citing *Nichols* for its description of the "abstractions test").  Apart from this sole depiction of G. I. Bro and a description of the character as "a special operations action hero," Compl. ¶ 6, the Complaint does not contain any factual allegations concerning distinctive qualities of G. I. Bro.

that "expressions that are standard, stock or common to a particular subject matter or are dictated by external factors" are not protectable under copyright law). Similarly, "outfits and hairstyles" that are "common aspects" of a genre or era are not subject to copyright protection. *Laspata DeCaro Studio Corp. v. Rimowa GmbH*, No. 16 Civ. 934 (LGS), 2018 WL 3059650, at *5 (S.D.N.Y. June 20, 2018) (concluding that hairstyles, outfits, and vintage vehicles "common" to a particular era "can be considered scènes-à-faire" and therefore could not serve as a basis for finding substantial similarity). Thus, neither the fact that G. I. Bro and Prophet's military outfits share certain common features (such as weapons holsters) nor the fact that both characters style their hair in dreadlocks can serve as a basis for finding striking (or even substantial) similarity.

Finally, one remaining element that *is* theoretically protectable—the characters' specific outerwear—is markedly different, such that no reasonable juror could find striking similarity between the two characters. G. I. Bro is depicted wearing a tight black t-shirt, whereas Prophet is depicted wearing a long-sleeve shirt and tactical vest.

In sum, a reasonable person looking at these two images would not conclude that any similarities between the two works "can only be explained by copying, rather than by coincidence, independent creation, or prior common source." *Knowles*, 512 F.3d at 152 n.3 (quoting *Selle*, 741 F.2d at 904). It is a coincidence—and not a particularly remarkable one—that a military action hero is depicted holding a weapon, in a battle stance. Because Huffman has not alleged access and because the works are not strikingly similar, Defendants ask the Court to dismiss Huffman's Complaint without leave to amend. *See Vallery v. Am. Girl, L.L.C.*, 697 F. App'x 821, 825 (5th Cir. June 29, 2017) (affirming district court's dismissal with prejudice of a copyright claim where the plaintiff did not allege access and the court determined the two works "do not bear such striking similarity that copying may be inferred").

### IV. TWO OF HUFFMAN'S WORKS HAVE NOT BEEN REGISTERED WITH THE COPYRIGHT OFFICE

17 U.S.C. § 411(a) provides that, subject to exceptions and provisions not relevant here, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." On March 4, 2019, the Supreme Court held that "'registration . . . has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Fourth Estate*, 139 S. Ct. at 892 (alteration in original).

Although Huffman alleges that one of his three works has been registered by the Copyright Office, he does not allege that the other two works (the *G. I. Bro Artwork* and the *G. I. Bro and the Dragon of Death Preview*) have been registered. *See* Compl. ¶¶ 16–18. Rather, he alleges that he has filed applications for registration of the copyrights in these works, paid the requisite fees, and deposited a copy of both works with the Copyright Office, and that the Copyright Office has received these materials and assigned case numbers to the applications. *Id.* ¶¶ 16–17. Because Huffman does not allege that the Register of the United States Copyright Office "has registered a copyright" in these works, Huffman must "await action by the Register before filing suit for infringement." *Fourth Estate*, 139 S. Ct. at 892. For this independent reason, the Court should dismiss Huffman's copyright infringement claim as to these works.

Finally, Defendants note that the depiction of G. I. Bro included in the Complaint, which provides the sole basis for the supposed visual similarity between G. I. Bro and Prophet, appears to be the unregistered *G.I. Bro Artwork* piece. Indeed, a promotional webpage for G. I. Bro includes "four cartoon versions of G. I. Bro," Compl. ¶ 14, each of which has a markedly different look and feel. *See G. I. Bro*, Last Entry Comics (last visited Apr. 5, 2019),

https://www.lastsentrycomics.com/gi-bro.html. This webpage also includes a slideshow depicting panels from the G. I. Bro comic book that was purportedly published. *See id.* These panels understandably depict G. I. Bro in more cartoonish fashion, far closer to the third concept art pieces than to the version included in the Complaint. Huffman included the unregistered *G. I. Bro Artwork* piece in the Complaint by choice, not by mistake.

## V. CONCLUSION

For the foregoing reasons, Defendants request that the Court dismiss Plaintiff Booker T. Huffman's Complaint without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6) and 17 U.S.C. § 411(a).

Dated: April 22, 2019            DURIE TANGRI LLP

By:    */s/ Sonal N. Mehta*
SONAL N. MEHTA (CA SBN 222086)
smehta@durietangri.com
MARK A. LEMLEY (CA SBN 155830)
mlemley@durietangri.com
JOSEPH C. GRATZ (CA SBN 240676)
jgratz@durietangri.com
MATTHEW W. SAMUELS (CA SBN 294668)
msamuels@durietangri.com
AARON J. BENMARK (CA SBN 312880)
abenmark@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

MELISSA R. SMITH (TX SBN 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Attorneys for Defendants
ACTIVISION PUBLISHING, INC.,
ACTIVISION BLIZZARD, INC., and MAJOR LEAGUE GAMING CORP.

10

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on April 22, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Sonal N. Mehta*
SONAL N. MEHTA
