IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BOOKER T. HUFFMAN, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 2:19-CV-00050-RWS-RSP |
| | § |
| v. | § |
| | § |
| ACTIVISION PUBLISHING, INC., ACTIVISION BLIZZARD, INC., MAJOR LEAGUE GAMING CORP., | § |
| | § |
| Defendants. | § |

## ORDER

Defendants Activision Publishing, Inc., Activision Blizzard, Inc. and Major League Gaming Corp. filed a Motion to Dismiss pursuant to Rule 12(b)(6) (Docket No. 14) and a Motion to Dismiss pursuant to Rule 12(b)(3), or in the alternative, transfer (Docket No. 15). Magistrate Judge Payne entered a Report and Recommendation, recommending that Defendants' motions be denied. Docket No. 47. Defendants filed objections to the report (Docket No. 48), and Plaintiff filed a response (Docket No. 49).

Having considered the motions and the Magistrate Judge's report, the Court agrees with the report's reasoning. Accordingly, the Court **OVERRULES** Defendants' objections and **ADOPTS** the Magistrate Judge's report.

## BACKGROUND

Booker T. Huffman is a professional wrestler who won the "World Champion Title" in the World Championship Wrestling circuit five times. He sometimes uses the in-ring persona "G. I. Bro."

In 2015, Plaintiff., with the help of an independent contractor, Travis Huffman,[1] created cartoon versions of G. I. Bro, as well as comic books based on the character (collectively, the "G. I. Bro works"). Plaintiff registered the books with the United States Copyright Office. He also promoted his character and his comic books by appearing at comic book events dressed as G. I. Bro. Docket No. 34 at 4–5. Plaintiff lives in the Southern District of Texas, while Travis Huffman lives and works in the Eastern District of Texas. Docket No. 24 at 7.

Defendants work in the video game industry. Activision Publishing and Activision Blizzard's principal place of business is in the Central District of California and their design and engineering teams are in Southern California. Docket No. 15 at 13. Major League Gaming's principal place of business is the Southern District of New York.

Defendants published a series of multiplayer, first-person shooter games titled, "*Call of Duty*." One of the games, *Call of Duty: Black Ops III* included a character named David "Prophet" Wilkes, who had replaced 90 percent of his body with cybernetics to enhance his fighting ability. In 2018, Defendants released a prequel to *Black Ops III* called *Call of Duty: Black Ops IV*, in which Prophet was depicted as he was before he remade himself. Plaintiff. alleges that Prophet is a copy of his persona, G. I. Bro, and brought an action for copyright infringement against Defendants. Docket No. 34 at 2–3.

## ANALYSIS

For dispositive matters, including a motion to dismiss, a party may serve and file specific written objections to a Magistrate Judge's proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). "The District judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3).

---

[1] Although Booker T. Huffman and Travis Huffman share the same last name, they are unrelated.

### I. Motion to Dismiss for Failure to State a Claim

#### 1. Applicable Law

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if it gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (punctuation in original). When considering a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded facts in a plaintiff's complaint as true and views those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 545).

"To establish 'copying,' a plaintiff must show 'factual copying and substantial similarity.' " *Guzman v. Hacienda Records and Recording Studio, Inc.*, 808 F.3d 1031, 1037 (5th Cir. 2015). Further, "factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Id.* (quoting *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 368 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154,

130 S. Ct. 1237, 176 L.Ed.2d 18 (2010)). If "access" cannot be shown, the plaintiff may prove factual copying by "showing such a 'striking similarity' between the two works that the similarity could only be explained by actual copying." *Armour v. Knowles*, 512 F.3d 147, 152 n.3 (5th Cir. 2007).

### 2. The Magistrate Judge's Report

Defendants argued that Plaintiff failed to plead both elements for copyright infringement: (1) ownership of a valid copyright and (2) actionable copying. Docket No. 14. Specifically, Defendants argued that Plaintiff did not allege two of his works were registered with the Copyright Office, meaning he did not properly show ownership of a valid copyright. *Id.* at 9. Further, Defendants argued that Plaintiff did not properly allege copying since he did not show (1) access and substantial similarity or (2) striking similarity. *Id.* at 2.

The Magistrate Judge reviewed Plaintiff's complaint, which claimed that he had received a certificate of registration for all three G. I. Bro works, and found that a certificate of registration constitutes *prima facie* evidence of a valid copyright. Docket No. 47 at 5. Accepting all well-pleaded facts as true, the Magistrate Judge therefore concluded that Plaintiff had properly alleged ownership of a valid copyright. *Id.*

The Magistrate Judge further concluded that Plaintiff pleaded a claim for copying. As the report states, copying may be found when a plaintiff's and a defendant's works are strikingly similar such that the trier of fact may be permitted to infer copying on that basis alone. *Id.* at 6 (citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 371 n.10 (5th Cir. 2004)). Similarity is a question typically left to the fact finder. *Id.* at 6 (citing *Peel*, 238 F.3d at 395). Comparing the images of the two works in Plaintiff's complaint, the Magistrate Judge

concluded that a reasonable juror could find similarity. As such, the Magistrate Judge held that Plaintiff sufficiently alleged copying through a showing of striking similarity.

### 3. Objections and Response

Defendants object to the Magistrate Judge's conclusion that Plaintiff alleged the works are "strikingly similar." Docket No. 48 at 2. Defendants assert that, although similarity is a question left for the jury, it is appropriate for a Court to consider the two works' similarity when examining whether two works can plausibly be found strikingly similar. *Id.* at 3 (citing *Vallery v. Am. Girl., L.L.C.*, 697 F. App'x 821, 824–25) (5th Cir. 2017)). Defendants then assert that similarity between the two works here "consists of commonplace elements—a soldier with dreadlocks standing in a military posture holding a weapon," and as such, no reasonable juror could find that the only explanation for the works' similarity is copying. *Id.* at 3–4.

Plaintiff responds that a reasonable jury could find the images are "strikingly similar." Docket No. 49 at 3. Plaintiff compares his case to *Blizzard Entertainment, Inc. et al. v. Lilith Games (Shanghai) Co.*, No. 15-cv-08484, 2018 U.S. Dist. LEXIS 39341, at *21 (N.D. Cal. March 8, 2018), where the court found that Activision Blizzard adequate pled "striking similarity." Plaintiff argues that the side-by-side pictures of the characters in his complaint are at least as similar as the side-by-side character's in the *Lilith Games* complaint. *Id.* at 3.

### 4. Analysis

A side-by-side comparison of the works demonstrates that the characters share several similarities. They both have the same muscular build; same skin tone; nearly identical facial features and facial expression; dreads topped with a cap; black, army style clothing; ammo holders strapped to their lower body; and assault rifles, held in a similar fashion with the end of the gun positioned near the character's right shoulder. *See, e.g., Malibu Textiles, Inc. v. Label Lane Intern.,*

*Inc.*, 922 F.3d 946, 953 (9th Cir. 2019) (finding plaintiff sufficiently pled striking similarity where side-by-side comparison of works revealed virtually the same arrangement of otherwise non-copyrightable floral, leaf, boteh and dot elements); *Lixenberg v. BioWorld Merchandising, Inc.*, No. CV-15-7242, 2016 WL 7469666, at *3 (C.D. Cal. Feb. 1, 2016) (finding sufficient "striking similarity" at the pleading stage where individuals in photographs had facial expressions that were "seemingly identical" and accessories—*e.g.*, chains, bandana, sunglasses—that were strikingly similar if not the same). Moreover, the works seem similar in "total concept and feel." *Cf. Vallery v. American Girl, L.L.C.*, 697 F. App'x 821, 825 (5th Cir. 2017) (finding plaintiff failed to plead "strikingly similarity" when works were "wholly dissimilar in total concept and feel").

Because a side-by-side comparison of the works identified in Plaintiff's complaint are sufficiently similar to plausibly allege striking similarity, Plaintiff has adequately pleaded copying. Defendants' objections to the Magistrate Judge's recommendation on the 12(b)(6) motion are **OVERRULED**.

## II. Motion to Dismiss, or in the Alternative Transfer

### 1. Standard of Review

A party may move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). "Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff." *ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 120–21 (E.D. Tex. 2009) (citations omitted). A plaintiff may carry its burden by presenting facts, taken as true, that establish venue. *Id.* The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:13-CV459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond

the complaint to evidence submitted by the parties." *Id.* If venue is improper, the Court must dismiss it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

A copyright infringement action can be filed "in [any] district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "A corporation 'may be found' in a district where personal jurisdiction over a [d]efendant could be maintained. However, there must be specific contacts with that specific district, not merely a specific state." *Tayama v. Riom Corp.*, No. 2:11-CV-167-J, 2012 WL 556007, at *2 (N.D. Tex. Feb. 21, 2012); *see, e.g.*, *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010); *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004); *Milwaukee Concrete Studios, Ltd.*, 8 F.3d 441 (7th Cir. 1993); *Andra Grp., LP v. BareWeb, Inc.*, No. 4:17-CV-00815, 2018 WL 2848985, at *7 (E.D. Tex. June 11, 2018) (collecting cases).

### 2. The Magistrate Judge's Report

Defendants argued that they do not "reside" and can not be "found" in the Eastern District of Texas and therefore venue is not proper. First, Defendants argued that the term "resides" in § 1400(b) refers "only to the State of incorporation" consistent with the Supreme Court's holding in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). Docket No. 15. Defendants then argued that the current interpretation of "may be found" to be analogous to personal jurisdiction does not "survive" post *TC Heartland*. *Id.* at 8. Specifically, Defendants asserted that *TC Heartland* requires venue under § 1400 be analyzed separately from § 1391 and according to its "historical underpinnings." *Id.* at 9–10. Defendants then stated that *People's Tobacco Co. v. Am. Tobacco Co.*, 246 U.S. 79 (1918) reflected Congress's understanding of the phrase "may be found" to mean a corporation can be found "through the presence of its officers

and agents within that district." *Id.* at 7.  Accordingly, Defendants asserted that "may be found" must turn on a defendant's physical presence in the jurisdiction.  *Id.* at 6.

The Magistrate Judge concluded that post *TC Heartland*, "may be found" is still analogous to where a party is subject to personal jurisdiction.  Docket No. 47 at 9.  The Magistrate Judge first noted that a sister court in this district previously considered the issue and held that "may be found" retained its meaning post *TC Heartland*.  *Id.* at 8–9 (citing *Andra Grp., LP v. BareWeb, Inc.*, No. 4:17cv00815, 2018 WL 2848985, at *5 (E.D. Tex. June 11, 2018)).  The Magistrate Judge also independently analyzed the issue, declining to "reject the Fifth Circuit's longstanding understanding of this term as analogous to where a party is subject to personal jurisdiction." Docket No. 47 at 8 (citing *Time, Inc. v. Manning*, 366 F.2d 690, 697–98 (5th Cir. 1966)).  The Magistrate Judge explained that *TC Heartland* held that it was improper to use § 1391(a) to define "reside" in § 1400(b).  Unlike "reside," the Magistrate Judge explained, "may be found" did not rely on other statutes for its meaning and instead established its meaning through many rulings over the decades.  *Id.* at 9 (citing *Tayama v. Riom Corp.*, No. 2:11-CV-167-J, 2012 WL 556007, at *2 (N.D. Tex. Feb. 21, 2012) (collecting cases)).  As such, the Court concluded that "may be found" in § 1400(a) "continues to be analogous to where a party is subject to personal jurisdiction." *Id.* at 9.

Because Defendants are subject to personal jurisdiction in this district, the Magistrate Judge concluded they "may be found" here, and therefore, venue is proper under § 1400(a).  The Magistrate Judge proceeded to determine whether if venue would be more convenient in the Central District of California.  After analyzing the § 1404(a) public and private interest factors, the Magistrate Judge concluded that Defendants had not shown the Central District of California was "clearly more convenient." *Id.* at 12.

### 3. Objections and Response

Defendants objected to the Magistrate Judge's interpretation of "resides" and "may be found" in § 1400(a). Docket No. 48 at 4. First, Defendants argue "it was error for the Magistrate Judge not to construe the term 'resides.' " *Id.* Defendants also argued that the Magistrate Judge's "decision not to interpret the phrase 'may be found' in § 1400(a) in light of *People's Tobacco* and the Supreme Court's directive to examine the statute's history was contrary to law." *Id.* at 5.

Defendants argue again that *People's Tobacco* "reflects Congress's contemporary understanding of the phrase when it enacted the 1909 Copyright Act." *Id.* at 4. Defendants assert that two cases relied upon in the report—*Tayama v. Riom Corp.*, No. 2:11-cv-167-J, 2012 WL 556007, at *2 (N.D. Tex. Feb. 21, 2012) and *Andra Grp., LP v. BareWeb, Inc.*, No. 4:17-CV-00815, 2018 WL 2848985, at *7 (E.D. Tex. June 11, 2018)—are inapposite because they did not rely on *People's Tobacco*. *Id.* at 5. Defendants similarly argue that Fifth Circuit's decision in *Time* "cannot be squared with *People's Tobacco* unless 'doing business in a district' were understood to mean 'having a place of business in that district,' rather than merely 'sending goods into that district.' " *Id*. at 5.

Plaintiff responded that Defendants' "resides" argument is irrelevant because venue is proper where a defendant "may be found." Plaintiff further asserted that the holding in *Andra Grp.* was correctly decided under binding circuit precedent. Finally, Plaintiff responds that the Magistrate Judge correctly held that venue was proper because, pursuant to *Time*, Defendants "may be found" in this district.

### 4. Analysis

There is well-established precedent, both in this circuit and across the country, that "may be found" refers to a district in which a party is subject to personal jurisdiction. *See, e.g.*, *Andra*

Page **9** of **12**

*Grp.*, 2018 WL 2848985, at *7 n.2 (collecting cases).  As our sister court noted in *Andra Grp.*, this precedent does not offend the holding in *TC Heartland*.  *Id.*  "[C]ourts across the country have come to agree on the meaning of "may be found" through a myriad of rulings over several decades without relying on a separate, supplementary venue statute." *Id.*

Defendants have not demonstrated that the current understanding of "may be found" arose because courts improperly relied on § 1391.  Defendants argue, without citation, that many decisions trace their reasoning in some way to Wright & Miller, which explained that "[w]here a defendant 'resides' is codified '[f]or all venue purposes,' including § 1400(a), at 28 U.S.C.A. § 1391(c)." Docket No. 15 at 8 (citing 14D Wright, Miller & Cooper, Federal Practice and Procedure § 3819 (4th ed.)).[2]  To the contrary, a significant number of cases flow from opinions finding the that *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) modified the Court's interpretation of "may be found" from *People's Tobacco*.  *See Backer v. Gonder Ceramic Arts*, 90 F. Supp. 737, 738 (S.D.N.Y. 1950).

The Fifth Circuit properly interpreted "may be found" in § 1400(a) over fifty years ago.  Though the Fifth Circuit has not expressly held that "may be found" is analogous to personal jurisdiction, its holding in *Time* supports this understanding.  *See Andra Grp., LP*, 2018 WL 2848985 at *7 (citing *Time* for the court's holding that "may be found" is analogous to where a party is subject to personal jurisdiction).  Defendants do not assert any authority under which the court may disregard this existing precedent.  *See In re Capstead Mortg. Corp. Securities Litig.*, 258 F. Supp. 2d 533, 546 (N.D. Tex. 2003) ("The court does not have discretion to disregard

---

[2] In a separate paragraph, Defendants cite *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 446 (7th Cir. 1993) which discusses Wright & Miller.  However, the court concluded that "may be found" had an established meaning of where a defendant is amenable to personal jurisdiction without consideration of Wright & Miller.  The report then considered to Wright & Miller to address a separate issue of first impression: whether a defendants' contacts must be to the particular judicial district as opposed to the entire state.

Page **10** of **12**

existing precedent."). Moreover, *Time's* analysis of "may be found" is consistent with *TC Heartland's* teachings.

In *Time*, the court determined that if venue (and/or jurisdiction) through the use of the state "long arm" statute is present to satisfy the requirements of 28 U.S.C. § 1391(c), then they are sufficient to meet the less restrictive standard of 28 U.S.C. § 1400(a). Although Time was a New York corporation "not qualified to do business in Louisiana and having no authorized agent or office in the state," the Court determined that Time's business activity rendered venue proper under §1400(a). *Id.* at 698.

*Time* is entirely consistent with *TC Heartland*. The Fifth Circuit reviewed the historical development of § 1400(a). The court considered *People's Tobacco*, noting that the case "was decided long before substituted service statutes had been accorded the breadth of operation that they have today." *Id.* at 697. The court then "examined the history of various venue statutes," including §1400(a), §1400(b) and §1391(c), concluding that §1400(a) "retain[ed] the same 'extensive venue' as existed in the original Judiciary Act." *Id.* The Fifth Circuit explicitly recognized that § 1391(c) did not apply to § 1400(a) directly. *Id.* (citing *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 228 (1957)). However, finding that § 1400(a) "provides less rather than more restrictive venue standards than does either section 1391(c) or § 1400(b)," the Fifth Circuit used § 1391(c) as a comparison to examine § 1400(a)'s scope. Ultimately the court concluded that "found" under § 1400(a) was more extensive than "doing business" under §1391(c). This reasoning is consistent with *TC Heartland's* teaching.

Further, the Fifth Circuit held that venue under § 1400(a) was proper, even though Time had no offices or registered agents in Louisiana, because of Time's business activities in the state–wide circulation of its magazine, regular solicitation of subscriptions and maintenance of editorial

stringers. In light of these facts, Defendants' suggestion that the Fifth Circuit understood "may be found" to mean "having a place a business in the district" is unpersuasive. *See* Docket No. 15 at 10. Because Defendants may be found in this district, venue is proper. The Court need not consider Defendants' separate argument that relating to "regards" in § 1400(a).

Ultimately, Defendants have not shown that the meaning of "may be found" arose through improper reliance on § 1391. To the contrary, *Time*'s analysis shows the interpretation of "may be found" is properly rooted in the historical meaning of the provision and supports the understanding that "may be found" is analogous to personal jurisdiction. As such, the Court does not find that *TC Heartland* requires a reconsideration of this precedent, and the Court does not otherwise find reason to revisit precedent established over 50 years ago. Accordingly, Defendants' objections are **OVERRULED**.

## CONCLUSION

Having considered the Report and Recommendation, Defendants' objections and Plaintiff's response, it is hereby

**ORDERED** that Defendants' objections (Docket No. 48) are **OVERRULED.** Accordingly, it is

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Docket No. 14) is **DENIED.** It is further

**ORDERED** that Defendants' motion to dismiss or in the alternative transfer venue (Docket No. 15) is **DENIED.**

So ORDERED and SIGNED this 25th day of February, 2020.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE