# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BOOKER T. HUFFMAN, <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION PUBLISHING, INC., ACTIVISION BLIZZARD, INC., and MAJOR LEAGUE GAMING CORP., <br><br> Defendants. | Civil Action No. 2:19-cv-00050-RWS-RSP |

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Activision Publishing, Inc., Activision Blizzard, Inc., and Major League Gaming Corp. (collectively, "Defendants") submit this Answer in response to Booker T. Huffman's ("Plaintiff") First Amended Complaint for Copyright Infringement ("First Amended Complaint") (Dkt. No. 34). Defendants deny the allegations and characterizations in the First Amended Complaint unless expressly admitted in the following paragraphs.

## THE PARTIES

1. Admit.

2. Admit.

3. Admit that Activision Blizzard, Inc. is a corporation organized under the laws of the State of Delaware, has done business in the State of Texas, has been served, and has entered an appearance in this case. Deny that it has committed copyright infringement in the State of Texas or elsewhere.

4. Admit that Major League Gaming Corp. is a corporation organized under the laws of the State of Delaware, has done business in the State of Texas, has been served, and has entered an appearance in this case. Deny that it has committed copyright infringement in the State of Texas or elsewhere.

5. Admit that Plaintiff collectively refers to Activision Publishing, Inc., Activision Blizzard, Inc., and Major League Gaming Corp. as "Defendants" in his First Amended Complaint.

6. Admit that Activision Publishing, Inc. has published a number of first-person shooter games in the *Call of Duty* franchise, including *Call of Duty: Black Ops III* and *Call of Duty: Black Ops 4*, the latter of which was released in 2018. Admit that both *Call of Duty: Black Ops III* and *Call of Duty: Black Ops 4* include the character David "Prophet" Wilkes, a character who cybernetically augmented his body, as one of several "Specialist" characters. To the extent

1

not expressly admitted, denied.

## THE CASE

7. Admit that the right-most picture included below paragraph 7 is one depiction of Prophet. On information and belief, the left-most picture included below paragraph 7 is one depiction of G.I. Bro. To the extent not expressly admitted, deny.

## JURISDICTION AND VENUE

8. Admit that this action purports to arise under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* Defendants do not contest that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9. For the purposes of this case only, Activision Publishing, Inc. and Activision Blizzard, Inc. do not contest that they are subject to personal jurisdiction in this District. Deny that Defendants committed acts of copyright infringement in Texas or that the Court has specific personal jurisdiction over Major League Gaming Corp. Plaintiffs' description of the Copyright Act states a legal conclusion to which no response is required. To any extent such a response is deemed necessary, deny.

10. Deny.

11. Deny.

## FACTUAL BACKGROUND

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore deny the same.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore deny the same.

15. Deny.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore deny the same.

19. Deny.

20. Deny.

21. Admit that copies of the game *Call of Duty: Black Ops 4* went on sale in late 2018 and that revenues from physical sales and downloads of the game in Q4 2018 exceeded $500 million. To the extent not expressly admitted, deny.

22. As to the first four sentences of this paragraph, admit. As to the last sentence of this paragraph, admitted that Defendants are not aware of any personal contact between Plaintiff and Defendants relating to "G.I. Bro"; denied as to all other allegations in that paragraph.

23. Deny.
    a. Deny.
    b. Deny.
    c. Deny.

## COUNT 1: [ALLEGED] COPYRIGHT INFRINGEMENT

24. Defendants incorporate by reference their responses set forth in paragraphs 1-23, above.

25. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

26. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

27. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

28. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

## PLAINTIFF'S JURY DEMAND

29. Defendants object to Plaintiff's demand for a trial by jury. A claim for infringer's profits is an equitable one and is not triable of right by a jury.

## PLAINTIFF'S PRAYER FOR RELIEF

No response is required. To the extent such a response is deemed necessary, Defendants deny that Plaintiff is entitled to any of the relief requested and denies any factual allegations contained therein.

## AFFIRMATIVE DEFENSES

30. Defendants assert defenses as set forth below. By pleading these defenses, Defendants do not in any way agree or conceded that Defendants have the burden of proof or persuasion on any of these issues.

31. Defendants do not presently know all facts concerning the conduct of Plaintiff and the nature of Plaintiff's claims and their defenses and/or counterclaims sufficient to state all affirmative defenses and/or counterclaims at this time. In addition to the defenses described below, Defendants expressly reserve the right to allege additional defenses and/or counterclaims and amend their Answer to the First Amended Complaint as information becomes known through the course of discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Cause of Action)*

32. The First Amended Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

*(First Amendment and/or Fair Use)*

33. Assuming *arguendo* that there was any use of Plaintiff's copyrighted materials (there was not), such use is protected by the First Amendment of the United States Constitution and/or 17 U.S.C. § 107.

### THIRD AFFIRMATIVE DEFENSE

*(Waiver, Abandonment, and/or Forfeiture)*

34. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, abandonment, and/or forfeiture.

### FOURTH AFFIRMATIVE DEFENSE

*(Unclean Hands)*

35. Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

*(Laches)*

36. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

*(Estoppel)*

37. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### *(Acquiescence, Ratification, and/or Consent)*

38. Plaintiff's claims are barred in whole or in part by the doctrines of acquiescence, ratification, and/or consent.

## EIGHTH AFFIRMATIVE DEFENSE

### *(No Willfulness)*

39. Plaintiff's claims fail in whole or in part because Defendants' conduct was innocent, not willful.

## NINTH AFFIRMATIVE DEFENSE

### *(Failure to Mitigate)*

40. Plaintiff's remedies are barred from recovery of damages because of and to the extent of their failure to mitigate their alleged damages (to which, in any event, they are not entitled).

## TENTH AFFIRMATIVE DEFENSE

### *(Causation)*

41. Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by independent, intervening, and/or superseding events beyond the control of Defendants and unrelated to Defendants' conduct. Any loss, injury, or damage claimed by Plaintiff was proximately caused by Plaintiff's own acts or omissions, forces, or events unrelated to Defendants' conduct, and/or the acts or omissions of persons or entities other than Defendants, which Defendants do not control.

### ELEVENTH AFFIRMATIVE DEFENSE
#### *(Injunctive Relief Unavailable)*

42. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and because Plaintiff has an adequate remedy—if any—at law.

### TWELTH AFFIRMATIVE DEFENSE
#### *(No Ownership)*

43. Plaintiff's claims are barred in whole or in part because Plaintiff does not own the exclusive rights for some or all of the works.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### *(Independent Creation)*

44. Plaintiff is not entitled to relief because the David "Prophet" Wilkes character was independently created by Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### *(Extraterritoriality)*

45. Plaintiff's claims are barred to the extent the accused conduct was undertaken outside the United States.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### *(Improper Venue)*

46. Plaintiff is barred from pursuing his claims in the Eastern District of Texas because venue is improper with respect to each Defendant. The First Amended Complaint should therefore be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the Central District of California, the proper venue.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

*(Lack of Personal Jurisdiction)*

47. This Court lacks general or specific personal jurisdiction over Major League Gaming Corp., which is a Delaware corporation headquartered in New York and managed out of the Irvine, California campus of another Activision Blizzard entity, Blizzard Entertainment, Inc. Major League Gaming Corp. has not ever been and is not registered to do business in the State of Texas and has no offices in the Eastern District of Texas. The First Amended Complaint should therefore be dismissed against Major League Gaming Corp. under Rule 12(b0(6) of the Federal Rules of Civil Procedure.

Dated:  March 10, 2020

DURIE TANGRI LLP

By: */s/ Melissa R. Smith*

MARK A. LEMLEY (CA SBN 155830)
mlemley@durietangri.com
JOSEPH C. GRATZ (CA SBN 240676)
jgratz@durietangri.com
MATTHEW W. SAMUELS (CA SBN 294668)
msamuels@durietangri.com
AARON J. BENMARK (CA SBN 312880)
abenmark@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:     415-362-6666
Facsimile:      415-236-6300

MELISSA R. SMITH (TX SBN 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone:     903-934-8450
Facsimile:      903-934-9257

Attorneys for Defendants
ACTIVISION PUBLISHING, INC.,
ACTIVISION BLIZZARD, INC., and MAJOR LEAGUE GAMING CORP.

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2020 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

                                                        */s/ Melissa R. Smith*