IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BOOKER T. HUFFMAN, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Case No. 2:19-cv-00050-RWS-RSP |
| ACTIVISION PUBLISHING, INC., ACTIVISION BLIZZARD, INC., MAJOR LEAGUE GAMING CORP., and TREYARCH CORPORATION, | § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Compel Plaintiff Booker T. Huffman to Produce Responsive Documents, filed by Defendants Activision Publishing, Inc., Activision Blizzard, Inc., Major League Gaming Corp., and Treyarch Corporation (collectively, the "Defendants"). **Dkt. No. 61**. After consideration, the motion is **GRANTED IN PART**.

Plaintiff Booker T. Huffman ("Plaintiff") alleges that Defendants copied his character "G.I. Bro." to create the character "Prophet" for their video game Call of Duty: Black Ops 4. Pursuant to this theory, Plaintiff filed an action against Defendants, alleging copyright infringement under 17 U.S.C. § 501 and violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. *See* Dkt. No. 55.

For his claim of copyright infringement under § 501, Plaintiff seeks damages under a theory of infringer profits "pursuant to 17 U.S.C. § 504(b)" only. Dkt. No. 64 at 1 (quoting Dkt. 55 at ¶ 31). Plaintiff does not seek his own actual damages or statutory damages. *Id*. (citing §§ 504(b)–(c)). For his DMCA claim, Plaintiff seeks "statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B)" only. *Id*. at 1–2 (quoting Dkt. No. 55 at ¶ 36). Plaintiff does not seek his own actual

damages or infringer profits allowed under § 1203(c)(2). Plaintiff also seeks reasonable attorney's fees pursuant to § 1203(b)(5). *Id*. at 2.

Defendants file this motion to compel Plaintiff to produce responsive documents related to works involving the character "G.I. Bro." Defendants seek two categories of documents: (1) documents related to Plaintiff's licensing of his own likeness for other video games; and (2) QuickBooks files related to Plaintiff's revenues and profits from selling G.I. Bro comic books and posters. *Id*. at 1. The parties dispute whether the requested information is relevant to Plaintiff's damages claims and therefore discoverable.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id*.

Defendants advance three reasons why the requested material is discoverable. Dkt. No. 61. First, Defendants contend that the materials are relevant to any determination of the statutory damages sought pursuant to § 1203(c)(3)(B), since "a plaintiff's 'lost revenues' and 'the difficulty in proving actual damages' are relevant factors in determining the appropriate scope of such damages." *Id*. at 4 (quoting *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors*, 948 F.3d 261, 269 (5th Cir. 2020)). Second, they argue the requested materials are "relevant to Plaintiff's infringer's profits theory [pursuant to § 504(b)] because they reflect the money Defendants allegedly saved by not licensing Plaintiff's likeness." *Id*. at 5. Third, Defendants argue that "these documents are directly relevant to Defendants' independent creation defense." *Id*. at 6. Defendants claim that they will show that they could have licensed the "G.I. Bro" image directly

from Plaintiff for less money than they spent creating the image, which would lend support to their independent creation defense.

Plaintiff counters each of Defendants' arguments in turn. Dkt. No. 64. Turning to Defendants' first argument, Plaintiff contends that a plaintiff's lost revenues and the difficulty of proving actual damages are not relevant to the scope of statutory damages under § 1203(c)(1)(B). *Id*. at 6. Plaintiff argues that Defendants quoted a section in *Energy Intelligence Grp.* dealing with copyright infringement, not violations of the DMCA, and that the Fifth Circuit was careful to distinguish the two. As for Defendants' second argument, Plaintiff argues that "when a copyright owner does not seek actual damages under § 504(b), evidence of what those actual damages might have been is not relevant to the amount of the defendant's infringer profits under § 504(b)." *Id*. at 4. As for Defendants' independent creation argument, Plaintiff argues that "[i]f Defendants independently created their 'Prophet' images, they do not need evidence from Plaintiff to try to prove it." *Id*. at 8. Finally, Plaintiff states that the QuickBooks files related to Plaintiff's revenues and profits from selling G.I. Bro comic books and posters do not exist in the detailed manner that Defendants request. *Id*. at 9 (citing Dkt. No. 64-3 at ¶¶ 3–5) ("I do not segregate nor record in any way the different sources of those funds").

After consideration, the Court finds that Defendants have made an adequate showing of relevance, particularly regarding the possible relevance to appropriate statutory damages. Therefore, Plaintiff is required to promptly produce the first category of materials—documents related to Plaintiff's licensing of his own likeness for other video games. However, based on Plaintiff's representation that the second category of items does not exist as requested, Plaintiff is not required to provide QuickBooks files related to Plaintiff's revenues and profits from selling G.I. Bro comic books and posters.

For the reasons set forth herein, the Court **GRANTS IN PART** Defendants' Motion as provided above.

**SIGNED this 20th day of May, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE