IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BOOKER T. HUFFMAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00050-RWS-RSP |
| | § | |
| ACTIVISION PUBLISHING, INC., | § | |
| ACTIVISION BLIZZARD, INC., | § | |
| MAJOR LEAGUE GAMING CORP., | § | |
| and TREYARCH CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court are three motions filed by Defendants Activision Publishing, Inc., Activision Blizzard, Inc., Major League Gaming Corp., and Treyarch Corporation (collectively, the "Defendants"): (1) Motion for Summary Judgment of No Standing and No Copyright Infringement (Docket No. 103) ("Motion I"); (2) Motion for Summary Judgment of No Violation of 17 U.S.C. § 1202 (Docket No. 104) ("Motion II"); and (3) Motion for Summary Judgment of Lack of Nexus (Docket No. 105) ("Motion III"). Magistrate Judge Roy Payne entered a Report and Recommendation (Docket No. 151), recommending that Motions I and III be denied and Motion II be granted-in-part. Defendants have now filed Objections (Docket No. 152) to which Plaintiff Booker T. Huffman has responded (Docket No. 154).

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation *de novo*. *See* FED. R. CIV. P. 72 and 28 U.S.C. § 636(b) (1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court conducting a *de novo* review examines the entire record and makes an independent assessment under the law.

*Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc). The Court will discuss each of Defendants' Objections in turn.

First, Defendants argue that "the magistrate judge erred in deferring interpretation of clear contract language to the jury" because the "critical language in these agreements is unambiguous." Docket No. 152 at 3. That is not the case. The Magistrate Judge correctly points out that, under the state law of Connecticut, "courts . . . [make] the initial determination whether the contract is ambiguous. If it is, then the factfinder resolves the ambiguity." Docket No. 151 at 11 (citing *Cruz v. Visual Perceptions*, LLC, 311 Conn. 93, 103, 84 A.3d 828, 834 (2014)). The Court agrees with the Magistrate Judge that, per Connecticut state law, the contract is ambiguous. *Id*. at 11–12 ("Since the scope of G. I. Bro in the NAs is unclear, the NAs cannot be 'clear and convey[] a definite and precise intent.' ").

Second, Defendants contend that "the magistrate judge erred in finding a genuine dispute of fact as to access." Docket No. 152 at 3. The Magistrate Judge found a fact dispute as to whether the Arroza Poster was copied. The Magistrate Judge also found a fact dispute regarding access to the work, and in the alternative, a fact dispute as to whether the two posters were strikingly similar. The Court agrees with these findings.

Third, Defendants object to the Magistrate Judge's holding "that liability for section 1202(a) could exist merely by affixing CMI to a defendants' own work." *Id*. at 9. This Court agrees that § 1202(a) is unambiguous. There is nothing in the statute that exempts derivative works or a defendant's own work. Thus, as the Magistrate Judge found, there is a fact dispute about whether the CMI would be part of the Prophet Image's CMI. Docket No. 154 at 12–13.

Fourth, Defendants argue that "the magistrate judge erred in finding a nexus between all sales of the video game *Black Ops 4* and the single, little used marketing image alleged to be infringing." Docket. No. 152 at 10. Plaintiff's evidence showed that a reasonable jury could find

that sales of *Black Ops 4* are reasonably related to Defendants' use of the Prophet Image. In reviewing the record, the Magistrate Judge found that the Prophet Image played a role in the marketing of *Black Ops 4* and properly applied the summary judgment standards of this circuit. Docket No. 151 at 29. Though Defendants claim that the Magistrate Judge "did not address the bulk of the case law cited" in their briefing, Defendants further clarify in a footnote that, while the Magistrate Judge did address Defendants' cited law, he did not "engage with the substance of the cases." Docket No. 152 at 10 n.2. The Court disagrees. The Magistrate Judge addressed and correctly distinguished Defendants' cited caselaw. Docket No. 151 at 30 n.12.

After conducting a *de novo* review of the briefing on all three motions, the Report and Recommendation and Defendants' Objections, the Court agrees with the reasoning provided within the Report and Recommendation and concludes that the Objections fail to show that the Report and Recommendation was erroneous. Accordingly, the Court **OVERRULES** Defendants' Objections (Docket No. 152) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 151) as the opinion of this Court. It is therefore

**ORDERED** that Defendants' Motion for Summary Judgment of No Standing and No Copyright Infringement (Docket No. 103) is **DENIED**, Defendants' Motion for Summary Judgment of Lack of Nexus (Docket No. 105) is **DENIED**, and Defendants' Motion for Summary Judgment of No Violation of 17 U.S.C. § 1202 (Docket No. 104) is **GRANTED** as to § 1202(b) but otherwise **DENIED**.

**So ORDERED and SIGNED this 26th day of May, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE