

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

BOOKER T. HUFFMAN, §
§
*Plaintiff*, §
§
v. §
§     Case No. 2:19-cv-00050-RWS-RSP
ACTIVISION PUBLISHING, INC., §
ACTIVISION BLIZZARD, INC., MAJOR §
LEAGUE GAMING CORP., and §
TREYARCH CORPORATION §
§
*Defendants*. §

**<u>ORDER</u>**

Before the Court is Plaintiff's Brief Regarding Plaintiff's Exhibit 60 and the Applicability of Federal Rule of Evidence 801(d)(2)(D), filed by Plaintiff Booker T. Huffman.  Dkt. No. 200. On June 2, 2021, the Court held a pretrial conference and requested additional briefing on whether Plaintiff's exhibit 60 ("PX 60") fell within the Fed. R. Evid. 801(d)(2)(D) hearsay exception. Dkt. No. 196 at 97[1]. On June 9, 2021, Plaintiff filed his supplemental brief. Dkt. No. 200. On June 14, 2021, Defendants Activision Publishing, Inc., Activision Blizzard, Inc., Treyarch Corporation, and Major League Gaming Corp. ("Defendants"), filed their response. Dkt. No. 206.

PX 60 is an email between Defendants' employees and Henrick Bolle, a third party. Plaintiff contends that Mr. Bolle is an agent of Defendants and that the statements made in PX 60 are covered by the Rule 801(d)(2)(D) hearsay exception. *See* Dkt. No. 200 at 3 ("There is no real dispute that Bolle is an agent of Defendants regarding creation of the video games."); *see also* Dkt. No. 200 at 4 ("The contract between Bolle/Karakter and Activision is evidence of the agency relationship between them, and is confirmed by Defendants' testimony."). To support the proposition that Mr. Bolle and Activision maintained agency relationship, Plaintiff points to a

---

[1] Citations are to the document number and page number assigned through ECF.

1

contract between Activision and Mr. Bolle as well as deposition testimony. Dkt. No. 200-3; Dkt. No. 200-1 at 6–7. Defendants disagree, they argue Rule 801(d)(2)(D) is not applicable because Mr. Bolle is an independent contractor, not an agent of the Defendants.

Plaintiff has failed to carry his burden to establish that the statements in PX 60 fall under Rule 801(d)(2)(D). *United States v. Richards*, 204 F.3d. 177, 202 (5th Cir. 2000) *cert. denied*, *overruled on other grounds*, *United States v. Cotton*, 535 U.S. 625, 629 (2002).

Rule 801(d)(2)(D) provides:

> Rule 801. Definitions That Apply to This Article; Exclusions from Hearsay
> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
> (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
> (D) ***was made by the party's agent or employee*** on a matter within the scope of that relationship and while it existed;

(emphasis added). The question before the Court is whether Mr. Bolle is an agent or an independent contractor.

There are insufficient grounds to conclude Mr. Bolle is an agent of Defendants. Plaintiff relies on a contract and testimony to establish that Mr. Bolle was Activision's agent, but the evidence presented leads the Court to find otherwise. Dkt. No. 200-1 at 6; Dkt. No. 200-3 ¶ 1. The contract that Plaintiff relies upon to establish an agency relationship readily identifies that Activision considered Mr. Bolle an independent contractor, not an agent. Dkt. No. 200-3 ¶ 1 ("Acting as an independent contractor . . . ."). Further, the deposition testimony Plaintiff cites also refers to Mr. Bolle as an independent contractor. Dkt. No. 200-1 at 6 ("Q: Who is Karakter with a K? A: Karakter with a K is an independent contractor that we hired to help us design and develop characters and vehicles for Call of Duty: Black Ops 4."). Based on this evidence, Mr. Bolle cannot be considered Defendants' agent. *See Sanford v. Johns-Manville Sales Corp.*, 923 F.2d 1142,

1149–50 & n.18 (5th Cir. 1991); *United States v. Bonds*, 608 F.3d 495, 514 (9th Cir. 2010); *see also Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989).

Defendant separately objects on the basis of undue prejudice under Rule 403.  While it is not necessary to reach this issue in view of the hearsay ruling, the Court notes that the reference to "ongoing legal things" (especially given the fact that the email was sent during the pendency of this case) would, at a minimum, require redaction in some manner.

The Court finds that Mr. Bolle was not Defendants' agent (within the meaning of Rule 801) based on the language of the contract and the level of control exerted by Defendants over Mr. Bolle. Accordingly, Defendants' hearsay objection to PX 60 is **SUSTAINED**.

**SIGNED this 17th day of June, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE