IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

BOOKER T. HUFFMAN,

          Plaintiff,

v.

ACTIVISION PUBLISHING, INC.,
ACTIVISION BLIZZARD, INC., MAJOR
LEAGUE GAMING CORP., and
TREYARCH CORPORATION,

          Defendants.

Civil Action No. 2:19-cv-00050-RWS-RSP

**DEFENDANTS' MEMORANDUM IN SUPPORT OF PROPOSED JURY
INSTRUCTION ON BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..........................................................................................................1

II. PROPOSED INSTRUCTIONS ON BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE ............................................................................................................1

III. LEGAL STANDARD ....................................................................................................2

IV. ARGUMENT .................................................................................................................3

V. CONCLUSION ..............................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baisden v. I'm Ready Prods., Inc.*,
   693 F.3d 491 (5th Cir. 2012) ...................................................................................2

*Compulife Software Inc. v. Newman*,
   959 F.3d 1288 (11th Cir. 2020) ........................................................................2, 3, 4

*Desire, Inc. v. Manna Textiles, Inc.*,
   986 F.3d 1253 (9th Cir. 2021) ...................................................................................3

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   572 U.S. 663 (2014)..................................................................................................2

*Positive Black Talk Inc. v. Cash Money Records, Inc.*,
   394 F.3d 357 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier,
   Inc. v. Muchnick*, 559 U.S. 154 (2010) .....................................................................2

*R. Ready Prods., Inc. v. Cantrell*,
   85 F. Supp. 2d 672 (S.D. Tex. 2000) ........................................................................2

*SAS Inst. Inc. v. World Programming Ltd.*,
   496 F. Supp. 3d 1019 (E.D. Tex. 2020), *appeal docketed*, No. 21-1542 (Fed.
   Cir. Jan. 13, 2021)...............................................................................................2, 3, 4

**Other Authorities**

Lydia Pallas Loren, R. Anthony Reese, *Proving Infringement: Burdens of Proof
   in Copyright Infringement Litigation*, 23 Lewis & Clark L. Rev. 621, 624
   (2019) .......................................................................................................................3

## I.   INTRODUCTION

The Court should adopt Defendants' proposed jury instruction on burden of proof. Plaintiff's proposed instruction incorrectly states that Defendants bear the burden of proof for all defenses it may offer in this trial.  Defendants only bear the burden for affirmative defenses. Even where Plaintiff is entitled to a rebuttable presumption, the burden shifts back to Plaintiff once Defendants offer some evidence rebutting the evidence offered by Plaintiff.  Ultimately, Plaintiff bears the burden of persuasion for each and every element of his claims and the instructions should so state.

## II.   PROPOSED INSTRUCTIONS ON BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

| Plaintiff's Proposed Instruction | Defendants' Proposed Instruction |
|---|---|
| Plaintiff has the burden of proving every element of his case. **Defendants have the burden of proving every element of certain defenses**[1] to Plaintiff's case. In the following instructions, I will tell you which side has the burden of proof on each issue. The side with the burden of proof must establish its case or defense by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that the Plaintiff has failed to prove any element of his claims by a preponderance of the evidence, than he may not recover on that claim. **If you find that the Defendants have failed to prove any element of a defense by a preponderance of the evidence, than that defense does not affect or limit Plaintiff's claims.** | Plaintiff has the burden of proving every element of his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claims by a preponderance of the evidence, then he may not recover on that claim. |

---

[1] Emphasis added to indicate the portions of Plaintiff's instruction that are addressed in this brief.

1

### III.     LEGAL STANDARD

The Supreme Court has made clear that "a copyright plaintiff bears the burden of proving infringement." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 683 (2014).  A copyright plaintiff must prove all the elements of a prima facie infringement claim:  that the plaintiff owns a valid copyright and that the defendant copied from the plaintiff's work in a manner that constitutes improper appropriation.  *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

Once a plaintiff has introduced evidence that it believes satisfies its burden of proof on all of the elements of its infringement claim, a defendant can respond to the case that the plaintiff has put forward.  In some instances, the response will take the form of a true affirmative defense, on which the defendant bears the burdens of production and persuasion.  *See, e.g.*, *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (the defendant has the burden of proof when raising an affirmative defense such as the existence of a license that excuses the prima facie infringement).

However, a copyright defendant is not required to advance affirmative defenses.  A defendant can offer arguments that rebut the plaintiff's prima facie case.  But, in that case, the plaintiff continues to have the ultimate burden of persuasion on each element of its claim.  *See, e.g.*, *R. Ready Prods., Inc. v. Cantrell*, 85 F. Supp. 2d 672, 682 (S.D. Tex. 2000) (describing this burden-shifting framework); *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1306 (11th Cir. 2020); *SAS Inst. Inc. v. World Programming Ltd.*, 496 F. Supp. 3d 1019, 1027 (E.D. Tex. 2020), *appeal docketed*, No. 21-1542 (Fed. Cir. Jan. 13, 2021).  "If the defendant makes a prima facie factual rebuttal, then the fact-finder will have to evaluate both parties' evidence to determine whether, in light of all the evidence, a plaintiff has established, by a preponderance of

the evidence, the facts necessary to the elements of the plaintiff's claim.  ***The burden of persuasion for making this determination remains on the plaintiff***."  Lydia Pallas Loren, R. Anthony Reese, *Proving Infringement:  Burdens of Proof in Copyright Infringement Litigation*, 23 Lewis & Clark L. Rev. 621, 624 (2019) (emphasis added).

IV.     **ARGUMENT**

Plaintiff's proposed instruction incorrectly suggests that Defendants have the burden of proof on certain elements of Plaintiff's claims and materially misstate the burden shifting framework implicated by established copyright law.

First, while it is true that Defendants have the burden of proof for *affirmative* defenses they may offer, Defendants do not have the burden of proof for any non-affirmative defenses they offer.  Plaintiff's proposed instruction is likely to mislead the jury into believing that Defendants have the burden of proof for defenses which are not affirmative defenses.  Plaintiff's instruction states that "Defendants have the burden of proving every element of ***certain defenses*** to Plaintiff's case," but then goes on to say "[i]f you find that the Defendants have failed to prove any element of ***a defense*** by a preponderance of the evidence, than [sic] that defense does not affect or limit Plaintiff's claims."  ECF No. 213 at pdf p. 13 (emphases added).  This is incorrect.  Defendants do not have the burden of proof for all defenses they offer; Defendants only have the burden of proof for affirmative defenses.

Second, Plaintiff's instruction misstates the holdings in *Compulife Software Inc.*, 959 F.3d at 1303-06, and *SAS Institute Inc.*, 496 F. Supp. 3d at 1026-28.[2]  In each of these cases, the

---

[2] The third case cited by Plaintiff, *Desire, Inc. v. Manna Textiles, Inc.*, 986 F.3d 1253 (9th Cir. 2021), does not discuss who bears the burden of proof.  In that case, the Court found that the defendant did not offer any evidence or proof to dispute the plaintiff's prima facie case.  Therefore the burden never shifted back to the plaintiff.

3

court expressly held that while the burden shifts to the defendant once the plaintiff has met its initial burden, the burden shifts ***back to the plaintiff*** after the defendant has made an initial factual showing disproving the legal element at issue.  *See Compulife Software Inc.*, 959 F.3d at 1306 (holding that even as to the unprotectability of a particular element the burden shifting framework means that the only thing the defendant has to do is "identify the species of unprotectability" and "present supporting evidence where appropriate," and "[t]he plaintiff then faces the manageable task of responding to the appropriately narrowed issue") (internal quotation marks omitted) (internal citation omitted); *SAS Inst. Inc.*, 496 F. Supp. 3d at 1027 ("Should the defendant establish that at least some of the copyrighted work is not protectable expression, ***the burden shifts back to the copyright holder*** to undertake the 'manageable task' of establishing which parts of its asserted work are, in fact, properly entitled to protection.") (emphasis added).

Plaintiff's cherrypicked quotes from these cases omits the final step in the burden shifting scheme:  after the Defendants show some facts rebutting Plaintiff's prima facie showing, the burden shifts back to Plaintiff.  As described in Defendants' proposed instruction, Plaintiff at all times bears the burden of proof for the elements of each of his claims.

## V.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue Defendants' proposed jury instruction on burden of proof.

Dated:  June 21, 2021          DURIE TANGRI LLP

         By:         */s/ Andrew Esbenshade*
         DARALYN J. DURIE (CA SBN 169825)
         ddurie@durietangri.com
         ANDREW ESBENSHADE (CA SBN 202301)
         aesbenshade@durietangri.com
         JOSEPH C. GRATZ (CA SBN 240676)
         jgratz@durietangri.com
         JESSICA E. LANIER (SBN 303395)
         jlanier@durietangri.com
         AARON J. BENMARK (CA SBN 312880)
         abenmark@durietangri.com
         217 Leidesdorff Street
         San Francisco, CA  94111
         Telephone:     415-362-6666
         Facsimile:      415-236-6300

         MELISSA R. SMITH (TX SBN 24001351)
         melissa@gillamsmithlaw.com
         GILLAM & SMITH, LLP
         303 South Washington Avenue
         Marshall, TX 75670
         Telephone:     903-934-8450
         Facsimile:      903-934-9257

         E. LEON CARTER (TX SBN 03914300)
         lcarter@carterarnett.com
         CARTER ARNETT PLLC
         8150 N. Central Expressway, Suite 500
         Dallas, TX 75206
         Telephone:     214-550-8188
         Facsimile:      214-550-8185

         Attorneys for Defendants
         ACTIVISION PUBLISHING, INC., ACTIVISION
         BLIZZARD, INC., MAJOR LEAGUE GAMING
         CORP., and TREYARCH CORPORATION

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 21, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Melissa R. Smith*
MELISSA R. SMITH
