# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

BOOKER T. HUFFMAN,

        Plaintiff,

    v.

ACTIVISION PUBLISHING, INC.,
ACTIVISION BLIZZARD, INC., MAJOR
LEAGUE GAMING CORP., and
TREYARCH CORPORATION,

        Defendants.

Civil Action No. 2:19-cv-00050-RWS-RSP

## DEFENDANTS' MEMORANDUM IN SUPPORT OF PROPOSED
## JURY INSTRUCTION ON INDEPENDENT CREATION

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    PROPOSED INSTRUCTIONS ON INDEPENDENT CREATION ...................................1

III.   LEGAL STANDARD.............................................................................................2

IV.    ARGUMENT .......................................................................................................2

V.     CONCLUSION.....................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armour v. Knowles*,
512 F.3d 147 (5th Cir. 2007) ...................................................................................3

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991)...................................................................................................2

*General Universal Sys., Inc. v. Lee*,
379 F.3d 131 (5th Cir. 2004) ...................................................................................2

*Guzman v. Hacienda Records & Recording Studio, Inc.*,
808 F.3d 1031 (5th Cir. 2015) ................................................................................3

*Miller v. Universal City Studios, Inc.*,
650 F.2d 1365 (5th Cir. 1981) ............................................................................2, 4

*Peel & Co. v. The Rug Mkt.*,
238 F.3d 391 (5th Cir. 2001) ..............................................................................2, 3

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
572 U.S. 663 (2014)...................................................................................................4

*Positive Black Talk Inc. v. Cash Money Records, Inc.*,
394 F.3d 357 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier,*
*Inc. v. Muchnick*, 559 U.S. 154 (2010) ...........................................................2, 3, 4

**Rules**

Fed. R. Evid. 301 ............................................................................................................4

## I.      INTRODUCTION

The Court should adopt Defendants' proposed final jury instruction on independent creation.  Plaintiff's proposed instruction improperly suggests that Defendants must prove independent creation of the Prophet Image in order to avoid liability, when it is Plaintiff that has the burden of proving infringement to impose liability.  Further, independent creation is just one way in which Defendants can rebut evidence of copying.  Plaintiff's proposed instruction runs the risk of confusing the jury as to whether evidence of independent creation is required for Defendants to avoid liability, and which side has the burden of proof, and the Court thus should adopt Defendants' proposed instruction on independent creation rather than Plaintiff's.

## II.     PROPOSED INSTRUCTIONS ON INDEPENDENT CREATION

| Plaintiff's Proposed Instruction | Defendants' Proposed Instruction |
|---|---|
| If a plaintiff establishes an inference of factual copying (by showing access and probative similarity), **the defendant can rebut that inference, and thus escape liability for infringement, if he can prove that he independently created the work**.[1] | Defendants assert that they did not copy the Arroza Poster and did not have any access to it before creating the Prophet Image.  They assert that they created the Prophet Image independently.  As I explained above, if you find that Plaintiff has established an inference of factual copying, then Defendants can rebut this inference if they present evidence of independent creation.  If Defendants presented evidence showing that they created the Prophet Image independently from the Arroza Poster then Defendants have refuted an element of Plaintiff's claim for copyright infringement and rebutted his inference of factual copying.  Plaintiff then has the burden of proving by a preponderance of the evidence that Defendants in fact copied the Arroza Poster in creating the Prophet Image despite the evidence of independent creation. Defendants are not required to prove independent creation or non-infringement. |

---

[1] Emphasis added to indicate the portions of Plaintiff's instruction that are addressed in this brief.

### III.   LEGAL STANDARD

To prove copyright infringement, a plaintiff must show "ownership of a valid copyright" and "copying" by the defendant.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  "Copying" has two subsidiary requirements, both of which must be met:  factual copying and actionable copying.  *General Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004).  If a plaintiff establishes an inference of factual copying, one way a defendant can rebut this inference is to prove he independently created the work at issue.  *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 398 (5th Cir. 2001); *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1375 (5th Cir. 1981).  However, a defendant is not required to show independent creation in order to rebut factual copying.

If the plaintiff has established factual copying, the plaintiff next must prove "that the copyrighted work and the allegedly infringing work are substantially similar."  *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 368 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003)).  Proving substantial similarity is necessary infringement analysis, but not sufficient on its own:  Substantial similarity "dictates whether the factual copying, once established, is legally actionable."  *Positive Black Talk*, 394 F.3d at 368, 370.

### IV.   ARGUMENT

Plaintiff's proposed instruction states that "defendant can rebut that inference [of factual copying], and thus escape liability for infringement, if he can prove that he independently created the work."  ECF No. 213 at pdf p. 35.  Plaintiff's proposed instruction is only a partial statement of the law and risks misleading the jury into believing that if Defendants do not show

independent creation, then the jury must find them liable for infringement.  *Id.*  This is not the

law:  while Defendants are permitted to present evidence of independent creation in order to

rebut an inference of factual copying, there is no requirement that Defendants do so.  Plaintiff

cites *Positive Black Talk*, which in turn cites *Peel*, as the source for its proposed instruction.

However, *Peel* does not support the implication that Defendants must prove independent copying

in order to avoid liability.  In *Peel*, the Fifth Circuit held only that "[e]ven if [plaintiff]

establishes a prima facie case of copying, [defendant] still ***may*** rebut that case with evidence of

independent creation."  238 F.3d at 398 (emphasis added); *see also Armour v. Knowles*, 512 F.3d

147, 152 (5th Cir. 2007) ("Once a plaintiff circumstantially establishes factual copying, the

defendant ***may*** rebut the circumstantial evidence if he can prove that he independently created

the work.") (emphasis added).  This statement indicates that offering evidence of independent

creation is just one possible defense to an infringement claim, and is not required in order for a

defendant to escape liability.  Indeed, other explanations for similarities between the copyrighted

work and the allegedly infringing work are "coincidence" or "prior common source."  *Guzman v.*

*Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1039 (5th Cir. 2015) (quoting *Selle*

*v. Gibb*, 741 F.2d 896, 904 (7th Cir. 1984)).

   Additionally, *Positive Black Talk* makes clear that a failure to show independent creation

does not end the infringement inquiry.  In that case, the Fifth Circuit held, "If a plaintiff has

established factual copying (***and the defendant does not establish independent creation***), the

plaintiff must also prove that the copyrighted work and the allegedly infringing work are

substantially similar."  394 F.3d at 368 (emphasis added).  The court therefore acknowledged

that if a plaintiff proves factual copying, the plaintiff then must also prove substantial similarity

between the copyrighted work and the allegedly infringing work in order to prevail on

infringement—regardless of whether the defendant has shown independent creation.

Plaintiff's proposed instruction further risks misleading the jury into believing that the burden of proof rests on Defendants, rather than Plaintiff.  By stating that "defendant can . . . escape liability for infringement, if he can prove that he independently created the work," Plaintiff's instruction suggests that liability ***must*** be imposed ***unless*** Defendants prove independent creation.  However, it is on Plaintiff to prove infringement, rather than on Defendants to prove non-infringement:  "a copyright plaintiff bears the burden of proving infringement."  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 683 (2014).

Independent creation is not an affirmative defense; it is just another way of stating that Defendants did not copy from Plaintiff.  Plaintiff must begin by going forward with evidence of factual copying, and then Defendants "can rebut such a showing by offering evidence that his work was independently created without reference to the prior work, since a copyright, unlike a patent, does not confer an absolute monopoly over the expression but only a right of control over the works which are derived from the copyrighted work."  *Miller*, 650 F.2d at 1375.  Further, "[i]f defendant offers evidence of independent creation, the plaintiff has the burden of proving that the defendant in fact copied the protected material."  *Id.*; *see also Positive Black Talk*, 394 F.3d at 368.  While the burden of coming forward with evidence of independent creation in response to the establishment of an inference of factual copying ***is*** on the defendant, the "burden of persuasion . . . remains on the party who had it originally"—here, the plaintiff.  Fed. R. Evid. 301.

Defendants' proposed instruction accurately reflects the parties' respective burdens and explains that Defendants are ***allowed***, rather than required, to rebut an interference of factual copying by proving independent creation.  ECF No. 213 at pdf p. 35.  Defendants' instruction

further informs the jury that if Defendants rebut an inference of factual copying, Plaintiff retains

the burden of proof.  *Id.*  Defendants' proposed instruction thus avoids the misleading and

inaccurate implication of Plaintiff's instruction—that independent creation must be proven in

order for Defendants to "escape liability," and that Defendants have the burden of proving that

they are not liable, rather than Plaintiff having the burden of proving that Defendants are liable.

## V.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue

Defendants' proposed jury instruction on independent creation.


Dated:  June 21, 2021                              DURIE TANGRI LLP


                                        By:                 */s/ Andrew Esbenshade*
                                             DARALYN J. DURIE (CA SBN 169825)
                                             ddurie@durietangri.com
                                             ANDREW ESBENSHADE (CA SBN 202301)
                                             aesbenshade@durietangri.com
                                             JOSEPH C. GRATZ (CA SBN 240676)
                                             jgratz@durietangri.com
                                             JESSICA E. LANIER (SBN 303395)
                                             jlanier@durietangri.com
                                             AARON J. BENMARK (CA SBN 312880)
                                             abenmark@durietangri.com
                                             217 Leidesdorff Street
                                             San Francisco, CA  94111
                                             Telephone:    415-362-6666
                                             Facsimile:    415-236-6300

MELISSA R. SMITH (TX SBN 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone:    903-934-8450
Facsimile:    903-934-9257

E. LEON CARTER (TX SBN 03914300)
lcarter@carterarnett.com
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, TX 75206
Telephone:    214-550-8188
Facsimile:    214-550-8185

Attorneys for Defendants
ACTIVISION PUBLISHING, INC., ACTIVISION
BLIZZARD, INC., MAJOR LEAGUE GAMING
CORP., and TREYARCH CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Melissa R. Smith*

MELISSA R. SMITH
