IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

BOOKER T. HUFFMAN,

        Plaintiff,

v.

ACTIVISION PUBLISHING, INC.,
ACTIVISION BLIZZARD, INC., MAJOR
LEAGUE GAMING CORP., and
TREYARCH CORPORATION,

        Defendants.

Civil Action No. 2:19-cv-00050-RWS-RSP

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PROPOSED
JURY INSTRUCTION ON SUBSTANTIAL SIMILARITY**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION..................................................................................................................1

II. PROPOSED INSTRUCTIONS ON SUBSTANTIAL SIMILARITY................................1

III. LEGAL STANDARD..........................................................................................................3

IV. ARGUMENT.......................................................................................................................3

V. CONCLUSION....................................................................................................................5

**TABLE OF AUTHORITIES**

Cases

*Arthur Rutenberg Homes, Inc. v. Maloney,*
 891 F. Supp. 1560 (M.D. Fla. 1995) ................................................................................. 4

*Batiste v. Lewis*,
 976 F.3d 493 (5th Cir. 2020) ............................................................................................ 3

*CSM Investors v. Everest Development,*
 840 F. Supp. 1304 (D. Minn. 1994) ................................................................................. 4

*Guzman v. Hacienda Records & Recording Studio, Inc.*,
 No. 6:12-CV-42 (S.D. Tex. July 30, 2015) ...................................................................... 4

*Harper & Row Publishers, Inc. v. Nation Enterprises*,
 105 S.Ct. 2218 (1985) ...................................................................................................... 5

*Peel & Co. v. The Rug Market*,
 238 F.3d 391 (5th Cir. 2001) ............................................................................................ 3

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*,
 394 F.3d 397 (5th Cir. 2004) ............................................................................................ 4

*Richmond Homes Management v. Raintree, Inc.*,
 862 F. Supp. 1517 (W.D. Va. 1994) ................................................................................ 5

## I.     INTRODUCTION

The Court should adopt Plaintiff's proposed jury instruction on substantial similarity. Defendants suggest that Plaintiff's proposed instruction contains multiple sections that misstate the law and is likely to mislead the jury about the appropriate analysis to apply when determining whether any substantial similarity exists. This is incorrect.

## II.    PROPOSED INSTRUCTIONS ON SUBSTANTIAL SIMILARITY.

| Plaintiff's Proposed Instruction | Defendants' Proposed Instruction |
|---|---|
| In order for Plaintiff to establish copyright infringement, he must also prove that any copies or derivative works made by Defendants are substantially similar to one or more of his G I Bro works. "Substantial similarity" means "copying of constituent elements of the work that are original." Substantial similarity usually requires a side-by-side comparison of the works' protectable elements to determine whether a layman would view the two works as substantially similar. "Substantiality" is measured by considering the qualitative and quantitative importance of the copied material to the plaintiff's work as a whole.<br><br>If the defendants claim that any elements of the plaintiff's copyrighted work are not original and protectable by copyright, the burden of identifying and proving any such allegedly unprotectable elements is on the defendant, not the copyright owner.<br><br>Substantial similarity does not require that the two works be identical. Two works are substantially similar if the expression of ideas in the plaintiff's copyrighted work and the expression of ideas in the defendant's work that are shared are substantially similar, with [t]he test for | If you find that Plaintiff has proven both that he owns the copyright in the Arroza Poster and that he has proven factual copying by a preponderance of the evidence, then you must determine whether any parts of the Arroza Poster copied by Defendants is sufficient to constitute copyright infringement. To do so, you must determine whether the Prophet Image is substantially similar as to the protectable elements of the Arroza Poster. This involves making a side-by-side comparison of what you determine to be the Arroza Poster and the Prophet Image to determine whether a layperson, or ordinary observer, would view the protectable elements as substantially similar. In determining whether the two works are substantially similar, you should consider the importance of the elements in the copyrighted work as a whole that you find to be both protectable and similar relative to the importance of the elements in the copyrighted work that you find to not be protectable or similar.<br><br>If you find that Plaintiff proves by a preponderance of the evidence (1) that he owns a valid copyright in the Arroza Poster, (2) that Defendants in fact copied the Arroza Poster in creating the Prophet Image; and (3) that the Prophet Image is substantially similar to the protectable elements of the Arroza Poster, then your verdict should be for Plaintiff on Plaintiff's |

1

| | |
|---|---|
| expression of ideas [being] whether the intended audience would find the total concept and feel of the two songs to be substantially similar.<br><br>Moreover, the existence of differences between the two works will not negate infringement unless they so outweigh similarities that the similarities can only be deemed inconsequential within the total context of the copyrighted work.<br><br>You may consider whether the total concept and feel of the works in question are substantially similar. This evaluation should be based on the ordinary and reasonable layperson's overall impression of the two works, not on a detailed comparison of the two works that focuses on individual differences.<br><br>It is not a defense to infringement to claim to have merely used some of a copyrighted work. Copyright protection of a work exists not only in the work as a whole, but also in protectable portions of the work.<br><br>If any of the Defendants used or copied only a portion of one of Plaintiff's G I Bro works, and the portion used or copied included original elements, the works are substantially similar. | claim for copyright infringement (Count 1).  If, on the other hand, you find that Plaintiff has not proven any one of these elements by a preponderance of the evidence, then your verdict should be for Defendants on this claim. |

## III.   LEGAL STANDARD

Under Copyright law, if factual copying is proven, the plaintiff must then establish that the copying is legally actionable by showing that the allegedly infringing work is substantially similar to protectable elements of the infringed work. *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020). This usually requires a side-by-side comparison of the works' protectable elements to determine whether a layman would view the two works as substantially similar. *Id*. Essentially,

> Substantiality is measured by considering the qualitative and quantitative importance of the copied material to the plaintiff's work as a whole. . . . Altogether, a claim for copyright infringement has three elements: (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity."

*Peel & Co. v. The Rug Market*, 238 F.3d 391, 398 (5th Cir. 2001) ("To support a claim of copyright infringement, the copy must bear a substantial similarity to the protected aspects of the original"). The Supreme Court has defined this essential element of an infringement claim as copying of *constituent elements* of the work that are original. *Id*. Under the ordinary observer or audience test used in making this factual determination, a layman must detect piracy without any aid or suggestion or critical analysis by others. *Id*. The reaction of the public to the matter should be spontaneous and immediate.") *Id*. (internal quotation marks omitted) (citations omitted) (footnote omitted).

## IV.   ARGUMENT

Defendants first suggest that paragraph three of Plaintiff's proposed instruction erroneously instructs the jury to consider the works' unprotectable elements. Defendants raise two issues with paragraph three: (1) that it references a song, and (2) that it misstates the test for substantial similarity.

3

Paragraph three of Plaintiff's proposed instruction does not erroneously instruct the jury to consider the works' unpredictable elements. Paragraph three provides that substantial similarity does not require that the two works be identical. *Guzman v. Hacienda Records & Recording Studio, Inc.*, No. 6:12-CV-42, 2015 U.S. Dist. LEXIS 99830, *9 (S.D. Tex. July 30, 2015), quoting Nimmer on Copyright § 13.03[A]. Further, two works are substantially similar if the expression of ideas in the plaintiff's copyrighted work and the expression of ideas in the defendant's work that are shared are substantially similar, with [t]he test for expression of ideas [being] whether the intended audience would find the total concept and feel of the two songs to be substantially similar. *Guzman v. Hacienda Records*, 2015 U.S. Dist. LEXIS 99830 at *10, quoting *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 397, 373-74 (5th Cir. 2004). Accordingly, paragraph three of Plaintiff's proposed instruction does not mistake the law.

Second, Defendants contend that paragraph four of Plaintiff's proposed instruction also misstates the law on substantial similarity. This is incorrect. Paragraph four states the existence of differences between the two works will not negate infringement unless they so outweigh similarities that the similarities can only be deemed inconsequential within the total context of the copyrighted work. *Arthur Rutenberg Homes, Inc. v. Maloney,* 891 F. Supp. 1560, 1568 (M.D. Fla. 1995); *CSM Investors v. Everest Development,* 840 F. Supp. 1304, 1312 (D. Minn. 1994). This is a correct statement of the law.

Third, Defendants contend that paragraph five of Plaintiff's proposed instruction is likely to mislead the jury. This is incorrect. Paragraph five of Plaintiff's instruction states that "you may consider whether the total concept and feel of the works in question are substantially similar." *Positive Black Talk v. Cash Money Records*, 394 F.3d at 373-74. This evaluation should be based on the ordinary and reasonable layperson's overall impression of the two works, not on a detailed

4

comparison of the two works that focuses on individual differences. *Richmond Homes Management v. Raintree, Inc.*, 862 F. Supp. 1517, 1527 (W.D. Va. 1994). This instruction is not likely to mislead the jury.

Fourth, Defendants contend that paragraph six incorrectly suggests that the use of any portion of a copyrighted work is infringement. This is incorrect. Paragraph six of Plaintiff's proposed instructions states that it is not a defense to infringement to claim to have merely used some of a copyrighted work. *See Harper & Row Publishers, Inc. v. Nation Enterprises*, 105 S.Ct. 2218, 2233 (1985) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate"). Copyright protection of a work exists not only in the work as a whole, but also in protectable portions of the work.

Lastly, Defendants suggest that paragraph seven of Plaintiff's proposed instruction creates an incorrect bright line test. This is incorrect. The sixth paragraph states that if any of the Defendants used or copied only a portion of one of Plaintiff's G I Bro works, and the portion used or copied included original elements, the works are substantially similar. This does not create an incorrect bright line test.

## V.     CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion be denied and the Court issue Plaintiff's proposed jury instruction on substantial similarity.

{Signature Block on Next Page}

Respectfully submitted,

*/s/ Chris Lindstrom*

Patrick Zummo
State Bar No. 22293450
**LAW OFFICES OF PATRICK ZUMMO**
Two Houston Center
909 Fannin, Suite 3500
Houston, Texas 77010
(713) 651-0590 (Telephone)
(713) 651-0597 (Facsimile)
pzummo@zoomlaw.com

Timothy Micah Dortch
State Bar No. 24044981
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd,
Suite 1000 Dallas, Texas 75219
(214) 396-9427 (Telephone)
(469) 217-8296 (Facsimile)
mdortch@potts-law.com

Christopher D. Lindstrom
State Bar No. 24032671
**POTTS LAW FIRM, LLP**
3737 Buffalo Speedway,
Suite 1900 Houston, Texas 77098
(713) 963-8881 (Telephone)
(713) 583-5388 (Facsimile)
clindstrom@potts-law.com
*Attorneys for Plaintiff*
*Booker T. Huffman*

## CERTIFICATE OF SERVICE

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on June 23, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                      */s/ Chris Lindstrom*_____
                      **CHRISTOPHER LINDSTROM**