**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BOOKER T. HUFFMAN, | § | |
| | § | |
| | § | CIVIL ACTION NO.  2:19-CV-00050-RWS-RSP |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| ACTIVISION PUBLISHING, INC., | § | |
| ACTIVISION BLIZZARD, INC., MAJOR | § | |
| LEAGUE GAMING CORP., and | § | |
| TREYARCH CORPORATION, | § | |
| | | |
| Defendant. | | |

## FINAL JURY INSTRUCTIONS

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case.  The law contained in these instructions is the only law you may follow.  It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.  If I have given you the impression during the trial that I favor either party, then you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, then you must disregard that impression.  You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## **BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

Plaintiff has the burden of proving every element of his case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Plaintiff has failed to prove any element of his claims by a preponderance of the evidence, then he may not recover on that claim.

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.  Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Certain things are not to be considered as evidence.  These are:

- Any testimony or exhibits I may have stricken from the record and told you to disregard.  Such testimony or exhibits are not evidence and may not be considered.

- Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.

- Questions and objections or comments by lawyers.  Attorneys have a duty to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or my ruling on it except, as explained just now, you may not consider evidence I strike.

- The lawyers' opening statements and closing arguments are not evidence.  Their purpose is to discuss the issues and the evidence and assist you in interpreting them.

## **<u>LIMITING INSTRUCTION</u>**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

## <u>WITNESSES</u>

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances.  Has the witness been contradicted by other credible evidence?  Has he or she made statements at other times and places contrary to those made here on the witness stand?  You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that single witness.

## <u>EXPERT WITNESSES</u>

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely on it.

## <u>IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS</u>

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, then consider whether that misstatement was an intentional falsehood or simply an innocent mistake.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## **DEPOSITION TESTIMONY**

Certain testimony has been presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, then that witness's testimony may be presented, under oath, in the form of a deposition.  Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers were shown to you by video.  This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

## <u>DEMONSTRATIVE EVIDENCE</u>

Certain exhibits shown to you during the trial were illustrations.  We call these types of exhibits "demonstrative exhibits" or "demonstratives."   Demonstrative exhibits are a party's description, picture, or model to describe something involved in this trial.  If your recollection of the evidence differs from the demonstratives, you should rely on your recollection.  Demonstrative exhibits themselves are not evidence, but a witness's testimony concerning a demonstrative exhibit is evidence.

## <u>NO INFERENCE FROM FILING SUIT</u>

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## BIAS—CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## COPYRIGHT INTRODUCTION, DEFINITION, AND SUBJECT MATTER

To help you understand the evidence in this case, I will explain some of the legal terms you have heard during the trial.

To start, what is a "copyright?"  A copyright is the name for the protection the law extends to an author of a work against the unauthorized appropriation of that work by others.  To be protected under copyright law, the work must exist in a fixed form, be original, and contain at least some degree of creativity.  Copyrights apply to specific works, not people.  You are probably accustomed to hearing the word "author" used for writings, such as a novel, but under copyright law, any creator of an original work that is protectable is referred to as an author.  That is the term we use in copyright law for the creator of an original work.

The copyright owner generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.  One who reproduces a copyrighted work or prepares derivative works during the term of the copyright infringes the copyright, unless given permission to do so by the copyright owner.

For a copyright to be valid, the work need not be unique or novel, but instead must be "original."  "Original," is a specific legal term used in copyright law.  It means that the work was independently created by the author, as opposed to copied from other works, and that it possesses at least some minimal degree of creativity.

The owner of a copyright—has among other rights—the ability to do as well as authorize others: (1) to reproduce the copyrighted work; (2) to prepare derivative works that are based on the copyrighted work; and (3) to distribute copies of the copyrighted work to the public by sale, rental, lease, or lending.  One who violates any of these exclusive rights infringes the copyright.

"Copying" is a shorthand reference to any infringement of the copyright holder's exclusive rights, not just literal copying.

A "derivative work" is a work that is based upon one or more preexisting works, including a revision, transformation, or adaptation of that preexisting work. A work may be "copied" by creating a derivative work; that is, a work that revises, transforms or adapts the work.

With that quick discussion of some of the terms used throughout the trial. I will refresh your memory regarding the nature of this suit.  At issue here, as I explained earlier, Plaintiff alleges that he has the right to enforce a copyright in artwork depicting a character named "G.I. Bro" and that Defendants have infringed that copyright by making posters and marketing materials with the Prophet Image.  Plaintiff alleges that the Prophet Image is copied from the G.I. Bro Poster drawn by Erwin Arroza. Plaintiff also alleges that Defendants have violated copyright law by providing false copyright management information in connection with the Prophet Image.  Defendants deny all of Plaintiff's claims and contend that they independently created the Prophet Image.

## COUNT I: COPYRIGHT—INFRINGEMENT

Plaintiff contends that Defendants directly infringed Plaintiff's alleged copyright in the G.I. Bro Poster.   To prove direct infringement of a copyrighted work, a plaintiff must prove (1) ownership of a valid copyright, (2) factual copying, and (3) substantial similarity.   More specifically, Plaintiff must prove all of the following by a preponderance of the evidence:

1.      Plaintiff owns a valid copyright in the G.I. Bro Poster;

2.      Factual copying—that Defendants in fact copied protectable elements of the G.I. Bro Poster; and

3.      Substantial similarity of protectable elements between the G.I. Bro Poster and the Prophet Image.

I now will explain each of these elements in greater detail.

## INFRINGEMENT ELEMENT ONE: OWNERSHIP

Plaintiff has the burden to prove by a preponderance of the evidence that he owns a valid copyright in the G.I. Bro Poster.  Ownership in a copyright vests initially in the author of a work. The creator of an original work is called the author of that work.  However, ownership of a copyright does not always vest in the author of that work.  The ownership of a copyright may vest in a person who specially orders or commissions a work from another person.  This is known as "a work made for hire."  To be a work made for hire, the person who specially ordered or commissioned the work and the person who produced the work must expressly agree in a written instrument signed by them that the work shall be considered a work made for hire. The written instrument may be signed after the work is created.

A certificate of copyright registration, obtained before or within five years after the first publication of the work, is evidence that the copyright is valid and the registrant owns the copyright.  Such a certificate creates a presumption of ownership, but that presumption may be rebutted.

## INFRINGEMENT ELEMENT TWO: FACTUAL COPYING

Second, Plaintiff must prove factual copying: that Defendants actually used his copyrighted material to create the Prophet Image.  This element can be proved by direct or circumstantial evidence.

Absent direct evidence of copying, Plaintiff can raise an inference of factual copying under either of these approaches if he proves either (a) access and probative similarity, or (b) striking similarity.  Defendants can rebut evidence of factual copying by presenting evidence of independent creation.  However, Defendants are not required to prove independent creation. Independent creation is one way to rebut factual copying.

I will explain each of these requirements in greater detail.

### Inference of Factual Copying: Access and Probative Similarity

Showing access and probative similarity means Plaintiff must prove:

1.      Defendants had access to the G.I. Bro Poster prior to creation of the allegedly infringing work, the Prophet Image; and

2.      Probative similarity between the G.I. Bro Poster and the Prophet Image.

On the first point, to establish access, Plaintiff must prove that Defendants had a reasonable opportunity to view the copyrighted work before creating the allegedly infringing work.  This means Plaintiffs must prove Defendants had a reasonable opportunity to view the G.I. Bro Poster before creating the Prophet Image.  Plaintiff may prove access by showing a chain of events linking the G.I. Bro Poster to Defendants, or by proving that the G.I. Bro Poster was widely disseminated. The bare possibility of access, speculation, or conjecture about access are insufficient.

If Plaintiff proves Defendants had access to the G.I. Bro Poster, he must also establish probative similarity between the G.I. Bro Poster and the Prophet Image.  This requires Plaintiff to show similarities between elements of the two works that, in the normal course of events, would

not be expected to arise independently and that therefore might suggest that the Defendants copied part of the Plaintiff's work.  Plaintiff needs to prove both access and probative similarity: he cannot establish factual copying without showing probative similarity, even if he were able to present overwhelming proof of access.

## Inference of Factual Copying: Striking Similarity

Alternatively, without proving access, Plaintiff may prove factual copying by showing that the works are strikingly similar.  "Striking similarity" means there is such a similarity between the G.I. Bro Poster and the Prophet Image that the similarity can only be explained by copying, rather than by independent creation, coincidence, or a prior common source.  If you believe independent creation, coincidence, or prior common source is a possible explanation for any similarity between the works, then you cannot find copying based on striking similarity.

## <u>INDEPENDENT CREATION</u>

If you find that Plaintiff has established an inference of factual copying, then Defendants can rebut this inference by proving, by a preponderance of the evidence, that they independently created the Prophet Image.  Plaintiff then has the burden of proving, by a preponderance of the evidence, that Defendants in fact copied the G.I. Bro Poster in creating the Prophet Image despite the evidence of independent creation.

## INFRINGEMENT ELEMENT THREE: SUBSTANTIAL SIMILARITY

Third, in order for Plaintiff to establish copyright infringement, he must also prove that the Prophet Image is substantially similar to the G.I. Bro Poster.  "Substantial similarity" means "copying of constituent elements of the work that are original."  Substantial similarity usually requires a side-by-side comparison of the works' protectable elements to determine whether a layman would view the two works as substantially similar.  In determining whether the two works are substantially similar, you should consider the importance of the elements in the copyrighted work as a whole that you find to be both protectable and similar relative to the importance of the elements in the copyrighted work that you find to not be protectable or similar.

Substantial similarity does not require that the two works be identical. Two works are substantially similar if the expression of ideas in the plaintiff's copyrighted work and the expression of ideas in the defendants' work that are shared are substantially similar, with the test for expression of ideas being whether the intended audience would find the total concept and feel of the works to be substantially similar.

If the Defendants claim that elements of the Plaintiff's copyrighted work are not original and protectable by copyright, the Defendants bear the burden of identifying and proving any such allegedly unprotectable elements.

## COUNT II: DMCA—COPYRIGHT MANAGEMENT INFORMATION

Plaintiff also claims that Defendants violated the Digital Millennium Copyright Act (the DMCA), 17 U.S.C. § 1202, by providing false copyright management information (CMI) in connection with the Prophet Image, and that they did so knowingly and with the intent to induce, enable, facilitate, or conceal copyright infringement of the G.I. Bro Poster (Count II).  Defendants deny these allegations.  This claim is distinct from Plaintiff's claim for copyright infringement and has different elements.  I will explain the prohibition against providing false CMI in a moment. First, I will explain the meaning of CMI.

### Copyright Management Information

CMI is a term defined by statute that includes categories of information conveyed in connection with copies or displays of a work.  The categories of CMI that may be relevant to this case are the following:

1.    The title and other information identifying the work;

2.    The name of, and other identifying information about, the author of a work;

3.    The name of, and other identifying information about, the copyright owner of a work; and

4.    Identifying numbers or symbols referring to such information or links to such information.

CMI does not include any copy of the work itself or any display of a work.

### Falsification of Copyright Management Information (§ 1202(a))

Plaintiff asserts that Defendants violated the DMCA by distributing false CMI in connection with the Prophet Image.   To establish this claim, Plaintiff must prove by a preponderance of the evidence that Defendants knowingly and with the intent to induce, enable,

facilitate, or conceal copyright infringement provided or distributed false CMI in connection with the Prophet Image.  Plaintiff asserts that Defendants violated the DMCA by placing a copyright notice on the game disc of certain editions of the video game *Call of Duty: Black Ops 4* that included the Prophet Image in the interior of the game packaging.  This means Plaintiff must prove that Defendants, in placing a copyright notice on these game discs, provided or distributed false CMI and did so knowingly and with the intent to induce, enable, facilitate, or conceal copyright infringement of the G.I. Bro Poster.

## <u>CONSIDER DAMAGES ONLY IF NECESSARY</u>

If Plaintiff proves by a preponderance of the evidence his claim for copyright infringement (Count I) against Defendants, then you must determine the damages, if any, to which Plaintiff is entitled.  You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe Plaintiff should, or should not, win this case.  It is your task first to decide whether Defendants are liable.  I am instructing you on damages only so that you will have guidance in the event you decide Defendants are liable and Plaintiff is entitled to recover money from Defendants.

## INFRINGER PROFITS

Plaintiff is entitled to recover the profits of an infringer that are attributable to the copyright infringement.  There is a two-step framework to determine the amount of the Defendants' profits that Plaintiff is entitled to recover: (1) Plaintiff is required to show the amount of Defendants' profits attributable to the alleged infringement and (2) Defendants are required to prove their deductible expenses and profits attributable to factors other than the infringing work.

Step 1:

To establish the amount of Defendants' profits attributable to the alleged infringement, Plaintiff has the burden to show, by a preponderance of the evidence, how much of Defendants' gross revenue from *Call of Duty: Black Ops 4* is reasonably related to the infringement.  In other words, Plaintiff must show how much of the Defendants' gross revenues reasonably relate to Defendants' use of the Prophet Image.

Step 2:

 Once you find the amount of Defendants' profits attributable to the alleged infringement, the burden shifts to the Defendants to prove, by a preponderance of the evidence, what expenses, if any, should be deducted from the gross revenues as well as prove the elements of profit attributable to factors other than the copyrighted work.  Defendants bear the burden of proving their expenses, which may include, among other things, costs associated with product development, manufacturing, and distribution.

Defendants also bear the burden of proving what elements of its profits are attributable to factors other than copyrighted work.  To carry its burden, a defendant must prove what elements of profits were attributable to the efforts of others, exclusive of any effect of the copyrighted works.

In sum, you are to: (a) calculate the profits that Plaintiff has proven are reasonably related to the alleged infringement; (b) subtract the deductible expenses that Defendants prove are associated with the gross revenues; and (c) subtract the elements of profit that Defendants have proven are attributable to factors other than the copyrighted work.

## **DUTY TO DELIBERATE**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times that you are the judges of the facts.  You have been allowed to take notes during this trial.  Any notes that you took during this trial are only aids to memory.  If your memory differs from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  If you did not take notes, then rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes.  You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous.  After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, then the jury foreperson should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any

question.

You may now proceed to the jury room to begin your deliberations.