**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

BOOKER T. HUFFMAN,

        Plaintiff,

    v.

ACTIVISION PUBLISHING, INC.,
ACTIVISION BLIZZARD, INC., MAJOR
LEAGUE GAMING CORP., and
TREYARCH CORPORATION,

        Defendants.

Civil Action No. 2:19-cv-00050-RWS-RSP

**DEFENDANTS' MOTION FOR TAXATION OF COSTS**

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ...................................................................2

II.    ARGUMENT.............................................................................................2

        A.     Plaintiff Does Not Dispute Defendants' Request for Certain Costs. .......................4

        B.     Defendants Are Entitled to Recover Fees for Printed or Electronically Recorded Transcripts Under section 1920(2)..........................................................................4

        C.     Defendants Are Entitled to Recover Witness Fees Under section 1920(3). ............8

               1.     Dan Bunting ...................................................................................9

               2.     Carolyn Wang ..............................................................................10

               3.     Douglas Wolk and Doug Kidder...................................................10

        D.     Defendants Are Entitled to Recover Fees for Exemplification and the Costs of Making Copies under section 1920(4)....................................................................12

III.    CONCLUSION......................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Delta Air Lines, Inc. v. August*,
  450 U.S. 346 (1981)..................................................................................................2

*Eolas Techs. Inc. v. Adobe Sys. Inc.*,
  No. 6:09-cv-446 (E.D. Tex. July 19, 2012) ...........................................................14

*Feld Motor Sports, Inc. v. Traxxas, LP*,
  No. 4:14-CV-543, 2016 WL 2758183 (E.D. Tex. May 12, 2016) ............................4

*Finisar Corp. v. DirecTV Grp., Inc.*,
  No. 1:05-CV-264, 2006 WL 2699732 (E.D. Tex. Aug. 4, 2006)............................12

*Fogleman v. ARAMCO (Arabian Am. Oil Co.)*,
  920 F.2d 278 (5th Cir. 1991) ..............................................................................4, 12

*Holmes v. Cessna Aircraft Co.*,
  11 F.3d 63 (5th Cir. 1994) .......................................................................................4

*Honestech, Inc. v. Sonic Sols.*,
  725 F. Supp. 2d 573 (W.D. Tex. 2010), *aff'd*, 430 F. App'x 359 (5th Cir. 2011).....................9

*Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*,
  729 F.2d 1530 (5th Cir. 1984) ..................................................................................8

*Pacheco v. Mineta*,
  448 F.3d 783 (5th Cir. 2006) ...............................................................................2, 3

*Patterson v. Allseas USA, Inc.*,
  No. 9:02CV175, 2005 WL 8160964 (E.D. Tex. Dec. 13, 2005) .............................12

*Raytheon Co. v. Indigo Sys. Corp.*,
  No. 4:07-cv-109, 2017 WL 1197110 (E.D. Tex. March 30, 2017) ...........................8

*Realtime Data, LLC v. T-Mobile USA, Inc.*,
  No. 6:10-cv-493, 2013 WL 12156681 (E.D. Tex. May 1, 2013) ....................4, 7, 8

*Rimini St., Inc. v. Oracle USA, Inc.*,
  139 S. Ct. 873 (2019).................................................................................................3

*Rundus v. City of Dallas, Tex.*,
  634 F.3d 309 (5th Cir. 2011) ..................................................................................13

ii

*Smartflash LLC v. Apple, Inc.*,
No. 6:13-cv-447-JRG (E.D. Tex. Dec. 20, 2018) ....................................................12

*Transverse, LLC v. Iowa Wireless Servs., LLC*,
No. A-10-CV-517-LY, 2020 WL 614590 (W.D. Tex. Feb. 7, 2020), *report &*
*recommendation adopted as modified,* 2020 WL 10065757 (Mar. 4, 2020),
*rev'd in part on other grounds*, 992 F.3d 336 (5th Cir. 2021).....................................8

*United Biologics, L.L.C. v. Allergy & Asthma Network/Mothers of Asthmatics, Inc.*,
No. 5:14-cv-35-RCL, 2021 WL 1968294 (W.D. Tex. May 17, 2021) ...................14

*United States v. Lynd*,
334 F.2d 13 (5th Cir. 1964) .......................................................................9, 10

*United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*,
414 F.3d 558 (5th Cir. 2005) ..................................................................9, 10, 11

**Statutes**

17 U.S.C. § 505................................................................................................1, 3

28 U.S.C. § 1821............................................................................................1, 8, 9

28 U.S.C. § 1828.................................................................................................3

28 U.S.C. § 1920............................................................................................1, 3, 4

28 U.S.C. § 1920(2) ............................................................................................4

28 U.S.C. § 1920(3) ............................................................................................8

28 U.S.C. § 1920(4) ...........................................................................................12

28 U.S.C. § 1923.................................................................................................3

**Rules**

Fed. R. Civ. P. 45(c) ...........................................................................................7

Fed. R. Civ. P. 54................................................................................................1

Fed. R. Civ. P. 54(d) ...........................................................................................3

L.R. CV-54.........................................................................................................1

Defendants Activision Publishing, Inc., Activision Blizzard, Inc., Major League Gaming Corp., and Treyarch Corporation (collectively, "Defendants") submit this Motion pursuant to 17 U.S.C. § 505, 28 U.S.C. §§ 1821, 1920, Federal Rule of Civil Procedure 54, Local Rule CV-54, and the Court's Standing Order Regarding Bills of Costs ("Standing Order").  The parties tried this case to a jury, and the jury found in Defendants' favor on both of Plaintiff's claims for relief. As set forth below and in the accompanying documents, Defendants, as the prevailing parties at trial, are entitled to recover **$142,027.06**.[1]  Counsel for Plaintiff and Defendants conferred regarding Defendants' requests for costs.  (After meeting and conferring, and prior to filing this motion, Defendants sent Plaintiff an updated calculation of costs.)  As more fully explained below, Plaintiff does not oppose three Defendants requests:  for docket fees, for the cost of printing posters for use as demonstratives during trial, and for Dr. Ian Bogost's witness fees. The total amount of undisputed costs is **$3,259.19.**  Plaintiff oppose the remaining costs Defendants seek: transcript costs, exemplification and copying costs, and witness fees for Dan Bunting, Carolyn Wang, Douglas Wolk, and Doug Kidder.  The total amount of opposed costs is **$138,767.87**.

---

[1] Attached as **Exhibit A** to the Declaration of Jessica Lanier submitted herewith ("Lanier Decl.") are true and correct copies of invoices for printed or electronically recorded transcripts of depositions, hearings, and trial.  **Exhibit B** contains true and correct copies of supporting documentation and travel receipts for Ian Bogost, Daniel Bunting, Carolyn Wang, Doug Kidder, and Doug Wolk.  **Exhibit C** is a true and correct copy of an invoice from Point Multimedia, which assisted Defendants at trial.  **Exhibit D** is a true and correct copy of the invoice for the printing of posters used as demonstratives at trial.  **Exhibit E** is an email from Defendants' ediscovery vendor describing the cost per page of converting images to TIFF files.  **Exhibit F** contains true and correct copies of invoices of photocopying expenses.  **Exhibit G** is a chart illustrating case events, hearings, filings, deposition dates, and trial dates and how those events match up to invoices for photocopying.  **Exhibit H** contains true and correct copies of relevant pages of the ECF docket sheet showing event entries against which docket fees were assessed.

## I.   PRELIMINARY STATEMENT

In the Fifth Circuit, the prevailing party is prima facie entitled to costs.  *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006) (citation omitted).  In fact, though awarding costs is within the Court's discretion, the presumption of awarding costs is so high that denying costs to the prevailing party is regarded as a "*penalty*."  *Id.* at 794 (citation omitted) (emphasis added); *cf. Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355 n.14 (1981) (assuming that costs are denied to the prevailing party "only when there would be an element of injustice in a cost award. . . .").  Defendants' request for reimbursement of costs is a modest one.  If this Court granted Defendants' motion in full, Defendants would only be reimbursed for a fraction of the hundreds of thousands of dollars Defendants incurred in costs during the two years Plaintiff forced them to litigate this case.  These costs, like the attorneys' fees Defendants also seek, need not have been incurred.  As more fully explained in Defendants' motion for attorneys' fees, Defendants, soon after the lawsuit was filed and repeatedly thereafter, showed Plaintiff that the Prophet Image was independently created.  But Plaintiff ignored Defendants' indisputable proof.  Defendants knew they had not copied the Arroza Poster and so had no choice but to vigorously defend against Plaintiff's baseless accusations.  The costs described below are the result of Defendants' decision to stand and fight Plaintiff's entirely unsupported lawsuit.  Defendants respectfully ask this Court to award Defendants the costs to which they are entitled.

## II.   ARGUMENT

By statute, the prevailing party in district court litigation is entitled to recover the following costs:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Section 505 of the Copyright Act entitles prevailing parties in infringement litigation to the "recovery of full costs." *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 875–77 (2019) (Copyright Act authorizes award of same costs as sections 1821 and 1920). Costs should be awarded to the prevailing party "as a matter of course," unless the court directs otherwise. Fed. R. Civ. P. 54(d); Standing Order at 1; *Pacheco*, 448 F.3d at 793–94.

Pursuant to 28 U.S.C. § 1920, 17 U.S.C. § 505 and the Court's Standing Order, Defendants ask this Court to grant (i) fees for printed or electronically recorded transcripts necessarily obtained for use in the case (Lanier Decl. Ex. A); (ii) fees for exemplification and making of copies (Lanier Decl. Exs. C–F); (iii) fees for witnesses (Lanier Decl. Ex. B); and (iv) docket fees (Lanier Decl. Ex. H). Defendants' counsel provided Plaintiff's counsel with a draft bill of costs, a breakdown of the costs for which Defendants are seeking reimbursement, and the receipts and invoices for the requested costs. Plaintiff does not oppose recovery of docket fees, the cost of printing posters for use as demonstratives during trial, and witness fees for Dr. Ian Bogost. Plaintiff does, however, oppose recovery of costs for pretrial and trial transcripts, costs for deposition recording and transcripts, witness fees for all witnesses other than Dr. Bogost, and fees for exemplification and making copies. Each of the requested costs are recoverable, as explained below.

3

A.    **Plaintiff Does Not Dispute Defendants' Request for Certain Costs.**

Plaintiff does not dispute the following costs:  Defendants' docket fees ($40), the cost of printing posters for use as demonstratives during trial ($ 2,094.88.), and witness fees for Dr. Ian Bogost ($1,124.31).  The total amount of undisputed costs is **$3,259.19**.  *See* Lanier Decl. ¶ 2 & Exs. B, D & H.

B.    **Defendants Are Entitled to Recover Fees for Printed or Electronically Recorded Transcripts Under section 1920(2).**

Prevailing parties in a copyright infringement case are entitled to recover the same types of costs enumerated in section 1920.  Courts award costs for trial and hearing transcript.  *E.g.*, *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (affirming award of costs for daily trial transcripts); *Feld Motor Sports, Inc. v. Traxxas, LP*, No. 4:14-CV-543, 2016 WL 2758183, at *21 (E.D. Tex. May 12, 2016) (awarding costs for transcripts of hearing where prevailing party explained how hearing transcripts used in the case).  A trial court has "great discretion" to tax the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case."  Standing Order at 2; *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991).  Whether a deposition or copy was "necessarily obtained for use in the case" is a factual determination to be made by the district court.  *Id.* at 285–86 (citations omitted).  "Costs should not be disallowed merely because the deposition was not ultimately used at trial or in connection with a dispositive motion."  Standing Order at 3; *see also Fogleman*, 920 F.2d at 285–87.  The prevailing party may collect the cost of taking, transcribing, and reproducing depositions, but not incidental costs, such as rough transcripts, expediting of deposition transcripts, and real-time feeds.  *Realtime Data, LLC v. T-Mobile USA, Inc.*, No. 6:10-cv-493, 2013 WL 12156681, at *2 (E.D. Tex. May 1, 2013).  The costs of both written and video transcripts are recoverable.  *Id.* at *2 (even if video is not used at trial, "[t]rial settings can be

4

somewhat unpredictable, and if a key witness is not available, a continuance may not be granted."); *see also* Standing Order at 3.

*First*, Defendants request reimbursements for (i) trial transcripts and (ii) the two pretrial conference hearing transcripts. Defendants' trial transcripts request is $3,853.85 for transcripts of each of the four days of trial (847 pages at $4.55 a page). Lanier Decl. ¶ 4. Defendants' pretrial conference hearing transcripts request is $566.30. *Id.*[2]

All of these transcripts were necessary for use in the case. Lanier Decl. ¶ 3. Defendants needed the transcripts from the trial in order to review testimony as the trial progressed, which helped Defendants adjust their trial strategy (including updating witness outlines), determine which witnesses Defendants no longer needed to call, and prepare closing argument. *Id.* Defendants also needed trial transcripts to draft their motion for attorneys' fees, pending before this Court. *Id.* The pretrial conference transcripts[3] were also necessary for use in the case. *Id.* Defendants referred to the Court's rulings from the bench on motions *in limine* and on exhibits and designations to winnow down their exhibit list and deposition designations, to formulate their trial strategy, and in discussions with the Court regarding Plaintiff's attempt to revisit the motion *in limine* ruling at the close of trial. *Id.* The costs for trial and pretrial conference

---

[2] Plaintiff's counsel did not identify any basis for opposing reimbursement of trial or pretrial conference transcripts during the meet and confer process.

[3] The first pretrial conference was on March 22, 2021 and the second was on June 2, 2021.

hearing transcripts totaled $4,420.15.[4]  *Id.* ¶ 4; *see also id.* Ex. A.

*Second*, Defendants' deposition recording costs were also necessary for use in the case. Lanier Decl. ¶ 5.  Defendants' deposition costs include only court reporter and videographer hourly costs for transcribing and recording by video, transcript per-page cost for regular delivery, and the costs of exhibit copying and handling for the following witnesses:  Plaintiff, Travis Huffman, Heath West, Patrick Yarbrough, Marc Schwartz, Mark van Langeveld, Sharmell Huffman, Alan Hunter, Dan Bunting, Carolyn Wang, Murad Ainuddin, and Doug Kidder.  *Id.* ¶ 5.  Defendants are not seeking costs they incurred for rough transcripts, RealTime, ExhibitShare, expedited delivery, costs associated with synching videotapes to transcripts, or any other technological enhancements.  *Id.*

Transcripts and video recording of each of these depositions were necessary for use in the case.  Lanier Decl. ¶ 6.  The transcripts for each of these witnesses were necessary so that Defendants could, at minimum: (i) draft summary judgment motions, (ii) shape trial strategy, (iii) determine which witnesses to call and which witnesses to impeach, and (iv) determine which testimony to designate for use at trial.  *Id.*  Videotaping these depositions was also necessary in order to preserve Defendants' ability to play testimony during trial in the event a witness was (i) beyond the subpoena power of this Court and could not be compelled to attend trial to testify in person or (ii) unable to travel to testify in person due to COVID-19-related travel or health

---

[4] The trial transcripts request and the request for the second pretrial conference (on June 2, 2021) do not include costs for expedited delivery even though Defendants incurred such costs.  The cost Defendants incurred for the transcript for the first pretrial conference (on March 22, 2021) was $84.  According to the invoice, this includes expedited delivery, but, based on the court reporter rate sheet for the Eastern District, $84 is below the amount a court reporter would charge for expedited service—or even non-expedited service—for this particular transcript.  (A non-expedited transcript would cost $364.)  As $84 is what Defendants were charged and is lower than the standard amount for a non-expedited transcript, Defendants have included this cost in their request.  Lanier Decl. ¶ 4.

issues. *Id.*

Here, only Plaintiff fell within the Court's subpoena power. *See* Fed. R. Civ. P. 45(c). The parties presented Heath West, Patrick Yarbrough, Alan Hunter, Dan Bunting, Carolyn Wang, and Murad Ainuddin to the jury through deposition excerpts. The only depositions *not* played to the jury in lieu of live testimony were those of: (i) Plaintiff, whose deposition was used extensively to impeach him during trial; (ii) Travis Huffman, who was called by Plaintiff and testified live; Sharmell Huffman, who was designated by Plaintiff as a "will call" and then withdrawn after she conferred with Plaintiff and Plaintiff's counsel following Plaintiff's testimony; Plaintiff's designated experts Marc Schwartz and Mark van Langeveld, both of whom Plaintiff withdrew as witnesses; and Defendants' expert Doug Kidder, who, as more fully explained below, Defendants determined was unnecessary to call live after Plaintiff withdrew both of his experts.

Further, most of the depositions in this case were taken remotely due to the COVID-19 pandemic. At the time the depositions were taken, it was unclear whether any witnesses would be able to attend trial—safely—in person. In fact, before the trial was continued in March of 2021, Defendants moved to present testimony of their witnesses remotely, as several witnesses were unable to travel to Texas for trial due to the pandemic. Defs.' Mot. Leave to Present Testimony Remotely, ECF No. 170. Video recording witness depositions was clearly necessary for use in this case given the number of witnesses presented at trial via deposition. *See Realtime Data, LLC*, 2013 WL 12156681, at *2 ("When the depositions were taken, [prevailing party] could reasonably have anticipated their witnesses might have to be presented by deposition."). Further, video recordings of deposition testimony are often used at trial to impeach a witness who *does* testify live. For instance, when Plaintiff testified, he was impeached extensively with

7

his own deposition testimony.  *See Realtime Data, LLC*, 2013 WL 12156681, at \*2 (noting video recorded depositions used for impeachment).  In this case, transcripts and video recordings of depositions were necessary for use at trial.  Defendants' total costs for deposition transcripts and video recording is $19,181.23.[5]

Defendants' total requested fees for transcripts and videography is **$23,601.38**.  Lanier Decl. ¶ 7 & Ex. A.  Defendants respectfully request this Court award the full amount.

### C.      Defendants Are Entitled to Recover Witness Fees Under section 1920(3).

A prevailing party may recover costs associated with the testimony of its own witnesses unless the witnesses are themselves parties to the case.  *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2017 WL 1197110, at \*2 (E.D. Tex. March 30, 2017) ("The Defendants, as the prevailing parties, may recover as costs appropriate witness fees incurred by their employees.").

Where the testimony of a witness is necessary and relevant, the court may award a travel and sustenance allowance.  *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1551–52 (5th Cir. 1984).  Where a corporate representative is not a controlling officer of the company, the representative is entitled to the attendance fee and subsistence allowance provided under 28 U.S.C. § 1821, but only for the day he appeared as a trial witness.  *Transverse, LLC v. Iowa Wireless Servs., LLC*, No. A-10-CV-517-LY, 2020 WL 614590, at \*7 (W.D. Tex. Feb. 7, 2020) (citation omitted), *report & recommendation adopted as modified*, 2020 WL 10065757 (Mar. 4, 2020), *rev'd in part on other grounds*, 992 F.3d 336 (5th Cir. 2021).  A prevailing party may recover costs for witnesses the party intended to call but ultimately did not call in order to "avoid delay, unnecessary inconvenience to the Court and parties, or other substantial expenses

---

[5] During the meet and confer process, Plaintiff's counsel did not identify any witness whose deposition costs should not be recovered or any ground on which reimbursement should be denied, but did not agree to any of the requested deposition costs.

incident to prolonging the trial. . . ." *United States v. Lynd*, 334 F.2d 13, 16 (5th Cir. 1964); *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574–75 (5th Cir. 2005) (awarding costs for witness who was not called in order to save time at the end of trial).

Defendants ask to be awarded *per diem* allowances (calculated pursuant to 28 U.S.C. § 1821), reasonable travel costs (based on actual airfare and ground transportation costs), and appropriate attendance and subsistence allowances for Carolyn Wang, Doug Kidder, and Douglas Wolk.[6]  Defendants further ask this Court to award *per diem*, attendance, and subsistence allowances for Dan Bunting.  Defendants do not seek reimbursement for Mr. Bunting's air or ground travel expenses, as he served as Defendants' corporate representative.

### 1.    Dan Bunting

Mr. Bunting, who was on Plaintiff's will-call list (by deposition) and Defendants' will-call list (live), testified about the creation process of the Prophet Image and was instrumental to Defendants' independent creation defense.  He served as Defendants' corporate representative, and observed each of the four days of trial, but he testified on only one of those days. Defendants' calculation of witness fees under section 1821 is based on Mr. Bunting's one day of testimony.  Accordingly, Defendants are entitled to *per diem*, attendance, and subsistence allowances for Mr. Bunting.  *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 583 (W.D. Tex. 2010), *aff'd*, 430 F. App'x 359 (5th Cir. 2011) (awarding attendance and subsistence allowances for corporate representative but concluding airfare was cost incurred in person's capacity as corporate representative); *United Teacher Assocs. Ins. Co.*, 414 F.3d 558 at 574–75 (awarding costs for corporate representative).  For Mr. Bunting, this amount is $191.  Lanier

---

[6] As explained above, Defendants also seek witness costs for Dr. Bogost.  Because Plaintiff does not contest those costs, Defendant do not specifically address such costs herein.  Defendants direct the Court to Exhibit B for a breakdown of Dr. Bogost's costs.

Decl. ¶ 8.

### 2.    Carolyn Wang

Ms. Wang, Mr. Wolk, and Mr. Kidder each traveled to Texas expecting to testify at trial, and Defendants brought these witnesses to Texas in good faith.  Lanier Decl. ¶ 9.  Ms. Wang, a fact witness and Activision employee, was on Plaintiff's will-call list (by deposition) and Defendants' will-call list (live).  Defendants brought Ms. Wang to Texas so that she could testify concerning Defendants' marketing strategy for *Black Ops 4* and to rebut Plaintiff's theory of access:  Had Defendants called Ms. Wang, she would have testified that, while at Comic Con, Ms. Wang had never seen Plaintiff or the Arroza Poster.  However, after Plaintiff concluded his case in chief, in the interests of efficiency and concluding the trial as quickly as possible, Defendants decided not to call Ms. Wang.  *United Teacher Assocs. Ins. Co.*, 414 F.3d at 574–75 (awarding costs for witness who was not called in order to save time at the end of trial).  Instrumental in Defendants' decision not to call Ms. Wang was the fact that, contrary to prior indications, including Plaintiff's opening statement, Plaintiff did not present evidence at trial to suggest that Ms. Wang accessed the Arroza Poster at a Comic Con.  In light of this change in Plaintiff's case, Defendants concluded Ms. Wang's live testimony was not necessary.  *See United Teacher Assocs. Ins. Co.*, 414 F.3d at 574–75; *Lynd*, 334 F.2d at 16.  Because Defendants decided not to call Ms. Wang out of deference to the Court's resources and in an attempt to reduce the presentation of unnecessary evidence, Defendants ask this Court to award Defendants Ms. Wang's witness fees for attendance, subsistence, and travel (airfare and rental car costs), which total $1,687.73.  Lanier Decl. ¶ 10 & Ex. B.

### 3.    Douglas Wolk and Doug Kidder

Mr. Wolk and Mr. Kidder were two of Defendants' experts, and each were on Defendants' may-call list.  Mr. Wolk would have testified about comic books and comic book

10

character tropes.  Lanier Decl. ¶ 11.  Defendants would have used his testimony to show that the Arroza Poster was not original and, ultimately, that the elements of the Arroza Poster Plaintiff claimed were copied were not protectable by copyright law.  *Id.*  After Plaintiff rested his case, however, Defendants concluded Mr. Wolk's testimony was not necessary and declined to call Mr. Wolk in order to conserve the court's resources and conclude the trial early.  *See United Tchr. Assocs. Ins.*, 414 F.3d at 574–75.  Likewise, in light of Plaintiff's case in chief, Defendants concluded that the testimony of Mr. Kidder, Defendants' damages expert, was not necessary for two reasons.  Lanier Decl. ¶ 12.  First, Plaintiff did not call his damages expert Marc Schwartz in his case in chief.  *Id.*  Second, Plaintiff's evidence for his copyright infringement and DMCA claims was, as discussed at greater length in Defendants' motion for attorneys' fees, non-existent, and Defendants determined testimony on Plaintiff's purported damages was not necessary.  *Id.*  Given this, Defendants deemed it prudent to conserve the court's time and resources and declined to call Mr. Kidder.  *Id.*

Because Defendants decided not to call either of these experts in order to streamline the trial and in response to shortcomings in Plaintiff's case as presented at trial, Defendants ask this Court to award Defendants Mr. Wolk and Mr. Kidder's witness fees for attendance, subsistence, and travel (mileage, airfare, and rental car costs or train costs).  This amount for Mr. Wolk is $1,545.93.  Lanier Decl. ¶ 11.  This amount for Mr. Kidder is $1,870.51.  Lanier Decl. ¶ 12.

Defendants' total requested witness fees are **$6,419.48**.[7]  Lanier Decl. ¶ 13 & Ex. B.  For the reasons explained above, Defendants respectfully request this Court award this amount.

---

[7] This amount includes unopposed fees for Dr. Bogost.

11

**D.    Defendants Are Entitled to Recover Fees for Exemplification and the Costs of Making Copies under section 1920(4).**

Section 1920(4) authorizes the assessment of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  To recover these costs, "[t]he prevailing party does not need to specifically identify every Xerox copy, but does need to make some demonstration that the copies were necessarily obtained in this case."  *Patterson v. Allseas USA, Inc.*, No. 9:02CV175, 2005 WL 8160964, at *2 (E.D. Tex. Dec. 13, 2005); *see also Fogleman*, 920 F.2d at 285–87; *see also* Standing Order at 4.  Charges for multiple copies of documents and document hosting are not allowed.  *Id.*

In the Eastern District, the prevailing party can collect the costs of media and audiovisual trial support under section 1920(4).  *Finisar Corp. v. DirecTV Grp., Inc.*, No. 1:05-CV-264, 2006 WL 2699732, at *2 (E.D. Tex. Aug. 4, 2006).  Given the parties were limited to twelve hours per side (excluding opening statements, closing arguments, and voir dire), Order ¶ 9, ECF No. 203, trial support was essential for the efficient and expedient presentation of Defendants' case at trial.  *See id.*; *see also* Order at 9, *Smartflash LLC v. Apple, Inc.*, No. 6:13-cv-447-JRG (E.D. Tex. Dec. 20, 2018), ECF No. 668 ("This Court requires parties to present their evidence at trial in a streamlined, orderly, and efficient manner.").  Indeed, both parties had the support of audio/visual professionals at trial.

High-quality graphics support was particularly important in this case, as the case demanded the jury carefully examine similarities and differences between several images and references.  Assistance by graphics professionals was crucial to Defendants' ability to highlight (i) which alleged similarities between the Arroza Poster and the Prophet Image were not protected by copyright and (ii) the ways in which facially similar elements of these images were distinguishable.  Further, assistance by graphics professionals helped illuminate the similarities

12

between prior art such as the G.I. Joe 3D movie poster and the Arroza Poster.  Though the graphics professionals worked on Defendants' trial presentation for several weeks leading up to trial, Defendants request taxation of costs only for (i) their work in the week preceding trial, when many of the trial graphics were created and refined and the graphics team put together several powerpoint presentations for witness examinations, and (ii) the actual week of trial.  The two audiovisual and graphics professionals who worked for Defendants performed the following tasks: (i) loading, checking, and monitoring exhibits in Trial Director, (ii) operating Trial Director in court during trial, (iii) assisting with editing exhibits into videotaped deposition excerpts for witnesses whose testimony was presented to the jury by deposition; (iv) creating and revising powerpoint presentations for witness examinations and cross-examinations, (v) creating and revising powerpoint presentations for opening statement and closing arguments, and (vi) reviewing witness examination, opening, and closing materials with examining and presenting attorneys to ensure smooth and efficient presentation before the jury.  Lanier Decl. ¶ 14.  The amount Defendants seek for this essential service is $66,797.75.  *Id.*; *see also id.* Ex. C.[8]

Defendants are also entitled to recover their photocopying costs—all incurred for use in the case and in trial preparation.  *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011) (copying costs recoverable if the party making copies "has a reasonable belief that the documents will be used during trial or for trial preparation.") (internal quotation marks omitted) (citation omitted).  In Exhibit G to the Lanier Declaration, Defendants have mapped depositions, filings, hearings, and trial to the photocopying costs Defendants necessarily incurred over the course of the case.  Exhibit G also shows that Defendants are seeking a mere fraction of the

---

[8] As explained above, Plaintiff does not oppose Defendants' request for costs for printing posters for use as demonstratives during trial.

photocopying costs they actually incurred litigating this case.  Defendants seek costs for one set of documents only.  Lanier Decl. ¶ 15.  Excluded from Defendants' calculation are taxes, assembly, delivery, and ancillary costs such as binders, tabs, and slipsheets, as well as the additional sets of documents that were needed to litigate the case.  *Id.*  The total Defendants request for photocopying in this case is $29,573.57.  *Id.*; *see also id.* Ex. F.

Finally, as permitted by the Standing Order, Defendants seek their costs for converting native documents to TIFF, the default document format in the Court's model ESI order. Standing Order at 4; *see* Order on Bill of Costs at 5-6, *Eolas Techs. Inc. v. Adobe Sys. Inc.*, No. 6:09-cv-446 (E.D. Tex. July 19, 2012), ECF No. 1416.  The TIFF conversions were "necessarily obtained for use in the case."  The conversions of approximately 450,000 pages were not incurred for Defendants' convenience but rather were necessary so that the Defendants could conduct document discovery:  Defendants' e-discovery vendor's default format for production is TIFF, and, given the volume of files that Defendants produced using their e-discovery vendor, TIFF facilitated Defendants' efficient and secure document discovery.  *See United Biologics, L.L.C. v. Allergy & Asthma Network/Mothers of Asthmatics, Inc.*, No. 5:14-cv-35-RCL, 2021 WL 1968294, at **15–16 (W.D. Tex. May 17, 2021) ("[TIFF conversions] were not extraneous expenses incurred simply for the defendants' convenience but were how the defendants conducted document discovery.").  Document discovery was a necessary task for this case, and, accordingly, Defendants should recover the expense of converting documents into TIFF files. Lanier Decl. ¶ 16.  Defendants are entitled to the costs of converting documents into TIFF files as well:  That amount is $13,500.  Lanier Decl. ¶ 16 & Ex. E.

Defendants seek a total of **$111,966.20** in taxable costs for fees of exemplification and costs of making copies.[9]  Lanier Decl. ¶ 17 & Exs. C–F.

## III.    CONCLUSION

For the reasons explained above, Defendants respectfully request this Court award costs in the amount of **$142,027.06**.

Dated:  August 16, 2021                          DURIE TANGRI LLP


By:           */s/ Andrew Esbenshade*
     DARALYN J. DURIE (CA SBN 169825)
ddurie@durietangri.com
ANDREW ESBENSHADE (CA SBN 202301)
aesbenshade@durietangri.com
JOSEPH C. GRATZ (CA SBN 240676)
jgratz@durietangri.com
JESSICA E. LANIER (SBN 303395)
jlanier@durietangri.com
AARON J. BENMARK (CA SBN 312880)
abenmark@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:     415-362-6666
Facsimile:     415-236-6300

MELISSA R. SMITH (TX SBN 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone:     903-934-8450
Facsimile:     903-934-9257

---

[9] This amount includes the unopposed cost of printing posters used as demonstratives at trial.

15

E. LEON CARTER (TX SBN 03914300)
lcarter@carterarnett.com
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, TX 75206
Telephone:  214-550-8188
Facsimile:  214-550-8185

Attorneys for Defendants
ACTIVISION PUBLISHING, INC., ACTIVISION
BLIZZARD, INC., MAJOR LEAGUE GAMING
CORP., and TREYARCH CORPORATION

16

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 12, 2021, under Local Rule CV-7(h) counsel for Defendants and Plaintiff met and conferred via e-mail and narrowed the parties' disputes as reflected above.  The parties discussed the remaining areas of disagreement but were unable to reach consensus.

*/s/ Melissa R. Smith*
MELISSA R. SMITH

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Melissa R. Smith*
MELISSA R. SMITH
