IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BOOKER T. HUFFMAN,<br><br>          Plaintiff,<br><br>v.<br><br>ACTIVISION PUBLISHING, INC., ACTIVISION BLIZZARD, INC., MAJOR LEAGUE GAMING CORP., TREYARCH CORPORATION,<br><br>          Defendants. | CIVIL ACTION NO. 2:19-CV-00050-RWS<br><br>**SEALED** |

## ORDER

Before the Court are Defendants Activision Publishing, Inc., Activision Blizzard, Inc., Major League Gaming Corp. and Treyarch Corporation's Motion for Attorneys' Fees (Docket No. 247) and Motion for Taxation of Costs (Docket No. 252). Plaintiff Booker T. Huffman responded. Docket Nos. 261, 263. Defendants replied. Docket Nos. 270, 271. The Court heard oral argument on the motions on October 12, 2021. Docket No. 272. At oral argument, the Court ordered additional briefing on Defendants' motion for costs, which the parties filed. Docket Nos. 275, 276.

## BACKGROUND

In February 2019, Plaintiff brought the above-captioned case alleging that Defendants infringed his copyright in artwork depicting a character named "G.I. Bro" in connection with a videogame titled *Call of Duty: Black Ops 4* by making posters and marketing materials showing a game character named "Prophet." Docket No. 164 at 3. A four-day jury trial was held on these claims in June 2021. Docket Nos. 214, 221, 229, 230. The jury returned a verdict of

noninfringement.  Docket No. 233.  Defendants now move for attorneys' fees and costs as the prevailing party.  Docket Nos. 247, 252.  No other post-trial motions were filed.

## LEGAL STANDARD

Courts award attorneys' fees on a case-by-case basis in copyright infringement actions. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534–35 (1994).  In considering whether to award attorneys' fees under § 505, courts weigh a nonexclusive list of factors including: (1) frivolousness, (2) motivation, (3) objective unreasonableness and (4) the need for compensation and deterrence. *Id.* at 534 n.19.  Substantial weight is given to the objective reasonableness factor. *Kirstaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209 (2016).  Because an award of attorneys' fees "is common, but not automatic, in copyright infringement cases," courts apply the *Fogerty* factors to determine whether attorneys' fees should be awarded. *Recursion Software, Inc. v. Double-Take Software, Inc.*, No. 4:10-CV-403, 2013 WL 12403528, at *2 (E.D. Tex. Jan. 3, 2013).

Title 28 U.S.C. § 1920 defines "costs" for Federal Rule of Civil Procedure 54 and provides that a court may tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation in services under section 1828 of this title.

Title 17 U.S.C. § 505 specifically applies to copyright cases. *Guzman v. Hacienda Records*, No. 6:12-CV-42, 2015 WL 4920058, at *1 (S.D. Tex. Aug. 18, 2015) (citing *Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 458 (7th Cir. 2001) ("[A]ny award of fees and non-taxable costs must come through [section 505], and not through the general cost provisions of 28

U.S.C. § 1920.")). Application of § 505 usually results in an award of costs to the prevailing party, although the district court retains discretion on the issue. *Id.* at *1 (citing 17 U.S.C. § 505 (stating that "the court in its discretion may allow the recovery of full costs" and "may also award a reasonable attorney's fee" to a prevailing party in a copyright case); *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 147 (5th Cir. 2004) ("The decision to impose costs [under section 505] lies in the sound discretion of the district court, reviewable only for an abuse of discretion.")). The Supreme Court has clarified that the "full costs" that may be shifted under § 505 are only those that fall within "the six categories [of costs] specified in the general costs statute, codified at [28 U.S.C.] §§ 1821 and 1920." *Virtual Chart Sols. I, Inc. v. Meredith*, No. 4:17-CV-546, 2020 WL 1902530, at *20–21 (E.D. Tex. Jan. 13, 2020), *report and recommendation adopted*, No. 4:17-CV-546, 2020 WL 896674 (E.D. Tex. Feb. 25, 2020).

## ANALYSIS

### I.  ATTORNEYS' FEES

Defendants contend that the Court should award them attorneys' fees for three reasons: (1) Plaintiff presented an objectively weak case, (2) such an award will compensate Defendants and chill unfounded lawsuits and (3) Plaintiff presented evidence in bad faith. *See* Docket No. 247. First, Defendants argue that Plaintiff's allegations in this case were based solely on his belief that two images looked similar and that he filed his lawsuit without contacting them to discuss his allegations. *Id.* at 3–4. Defendants contend that if Plaintiff had contacted them, they could have explained the baselessness of his allegations and saved the parties two years of litigation. *Id.* at 4. Defendants contend that they produced and explained the core documents demonstrating that the image of Prophet was independently created by Defendants through a photoshoot of actor William Romeo as early as August 2019, and no later than May 2020. *Id.* But instead of dismissing his

claims, Defendants argue, Plaintiff responded with baseless accusations in his opening argument and misrepresented other evidence at trial. *Id.* at 6–7. Further, Defendants argue, Plaintiff failed to present evidence that they distributed false copyright management information ("CMI") with the Prophet image and did so in a knowing and intentional manner. *Id.* at 9. Additionally, Defendants argue that Plaintiff's damages case was objectively weak and unreasonable. *Id.* at 10. Defendants contend that he was obligated to show a nexus between an infringer's gross revenue and the alleged infringement, but Plaintiff introduced no evidence to show a causal relationship between the Prophet image and *Black Ops 4* revenues, and even declined to call his damages expert. *Id.*

Second, Defendants argue that denying an attorneys' fees award in an objectively unreasonable case disserves copyright law by failing to protect the owners of valid copyrights from frivolous litigation. *Id.* at 11. Defendants also note that a prevailing party does not forfeit the ability to obtain a fee award because it is wealthy. *Id.* Defendants contend that they had to spend millions of dollars defending themselves against Plaintiff's baseless claims, and had they settled in such circumstances, it would only have encouraged the filing of meritless cases. *Id.* at 12. Thus, Defendants argue, awarding them attorneys' fees in this case satisfies the goals of compensation and deterrence. *Id.* at 13.

Third, Defendants argue that the final factor to consider is motivation and key to evaluating that is whether Plaintiff prosecuted the case in bad faith. *Id.* Defendants contend that Plaintiff's bad faith in this case is demonstrated by at least two facts: (1) Plaintiff was on notice as early as August 2019 that his case had no factual basis, and (2) Plaintiff's counsel used the discovery process to solicit a new claim against Defendants by a different party. *Id.*

Plaintiff first responds that his case was not objectively unreasonable, as demonstrated by that fact that (1) the case was tried to a jury, (2) Plaintiff prevailed on all the dispositive motions filed by Defendants and (3) the dispositive and other motions filed by Defendants resulted in opinions of this Court resolving important issues of copyright law. Docket No. 263 at 2. First, Plaintiff contends that in the Fifth Circuit, attorneys' fees are not typically awarded in cases tried to the jury. *Id.* at 2–3.

Second, Plaintiff also notes that the Fifth Circuit has given substantial weight to whether a case survived dispositive motions in affirming the denial of attorney's fees. *Id.* at 3. Plaintiff points out that in this case, the Court considered and denied five dispositive motions filed by the Defendants, plus a motion to strike Plaintiff's jury demand. *Id.* at 4.

Third, Plaintiff argues that several of those motions also resolved issues of first impression in this circuit. *Id.* at 4–5. One, Plaintiff contends that the denial of Defendants' Rule 12(b)(6) Motion (Docket Nos. 47, 51) ruled both on why a reasonable jury could find that two works could be strikingly similar and on the application of a jurisdictional holding in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 889 (2019), to an amended complaint. Docket No. 263 at 5. Two, Plaintiff contends that the denial of Defendants' Motion to Dismiss for Improper Venue (Docket Nos. 47, 51) confirmed that *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), was limited to venue for patent infringement actions. Docket No. 263 at 5. Three, Plaintiff contends that the denial of Defendants' Motion for Summary Judgment of No Standing and No Copyright Infringement (Docket Nos. 151, 191) rejected Defendants' claim that Plaintiff's agreements with the WWE unambiguously transferred Plaintiff's copyrights, among making other rulings. Docket No. 263 at 6. Four, Plaintiff contends that the denial of Defendants' Motion for Summary Judgment of No DMCA Violation (Docket

Nos. 151, 191) rejected a line of cases from outside the Fifth Circuit that added an "original work" requirement to § 1202; rejected out-of-circuit authority and found a fact question on whether Defendants' copyright notice was false CMI "conveyed in connection with copies of a work"; and held that the scienter required for DMCA violations could be proven with circumstantial evidence. Docket No. 263 at 6. Five, Plaintiff contends that the denial of Defendants' Motion for Summary Judgment of Lack of Nexus (Docket Nos. 151, 191) ruled on whether there was a question of fact as to nexus for damages. Docket No. 263 at 7. Six, Plaintiff contends that the denial of Defendants' Motion to Strike Plaintiff's Jury Demand (Docket No. 197) examined the text of the Copyright Act to determine whether Congress intended to give the right to a jury trial on the remedies for copyright infringement. Docket No. 263 at 7. Plaintiff contends that Defendants' motion for fees ignores these prior rulings and instead seeks to rehash arguments from their unsuccessful dispositive motions. *Id.* Plaintiff argues that his claims were not objectively unreasonable but involved multiple areas of unsettled law and most of Defendants' arguments in the instant motion ultimately lack merit—his claims went to trial because they could only be resolved after a jury had heard all the evidence. *Id.* at 7–9.

Plaintiff next responds that Defendants cannot show that the remaining *Fogerty* factors support awarding attorneys' fees. *Id.* at 10. First, Plaintiff notes that Defendants do not even argue that his claims were frivolous. *Id.* Second, Plaintiff argues that Defendants do not have evidence of bad motive. *Id.* Plaintiff contends that Defendants' first argument for bad faith—that his claims were baseless—is contradicted by the Court's consistent rulings that case could not be disposed of prior to going to the jury. *Id.* Plaintiff next contends that Defendants' second argument for bad faith—that Plaintiff's counsel used discovery to solicit claims for other clients—has nothing to do with Plaintiff himself and is false. *Id.* Third, Plaintiff contends that Defendants' argument for

compensation and deterrence is based on the same argument that Plaintiff's claims were baseless, which he has shown is incorrect. *Id.* at 12. Plaintiff argues that awarding fees to Defendants would not advance considerations of compensation and deterrence for the simple reason that his claims were objectively reasonable and not frivolous. *Id.* Plaintiff contends that awarding fees here would only unfairly punish him for seeking to defend his valid copyrights and, rather than provide a deterrent effect, would instead chill lawful and reasonable actions to protect copyrights. *Id.*

In considering the *Fogerty* factors, courts give substantial weight to the objective reasonableness factor. *CoreClarity, Inc. v. Gallup, Inc.*, No. 4:20-CV-00601, 2020 WL 6741962, at *2 (E.D. Tex. Nov. 17, 2020) (citing *Kirstaeng*, 579 U.S. at 209 (2016)). Here, that factor weighs in favor of Plaintiff. Defendants' underlying theme for their fees motion is that Plaintiff should have known that his claims were unreasonable by the deadline for the substantial completion of document production in May 2020, at the latest. Belying that argument, however, is the fact that the Court considered and denied several of Defendants' dispositive motions—among other motions—as late as May 2021.[1] *See* Docket Nos. 151, 191. The basis of Defendants' argument that Plaintiff should have known his claims were unreasonable as of May 2020 is thus unavailing. *See Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 510 (5th Cir. 2012) ("The district court considered the arguments Defendants renew on appeal and concluded that Baisden's suit was neither frivolous nor unreasonable . . . The court took particular note of the fact that Baisden's suit survived several pretrial motions and resulted in a nine-day jury trial."). These orders also considered and resolved areas of unsettled law in this circuit, and the outcomes of such motions were not considered forgone conclusions. *See Lennar Homes of Texas Sales & Mktg., Ltd. v. Perry Homes, LLC*, 117 F. Supp. 3d 913, 948 (S.D. Tex. 2015) (taking note when denying attorneys'

---

[1] The Court also did not grant the Defendants' motion for judgment as matter on law at the conclusion of the presentation of the evidence at trial. Docket No. 229 at 4.

fees that the "claims involve[d] multiple areas of unsettled law, and the outcome was by no means determinable ex ante"). And, having found at several points that Plaintiff's claims were not ripe for dismissal prior to consideration by a jury, the Court does not now find his claims unreasonable after disposition by a jury.

Furthermore, none of the remaining *Fogerty* factors weigh in Defendants' favor. Frivolousness is not argued. Defendants' arguments for compensation and deterrence are underpinned by their objective unreasonableness arguments that the Court has already found unavailing. Defendants' arguments regarding motivation are also at least partially supported by similar arguments. Having found that none of the *Fogerty* factors weigh in Defendants' favor, Defendants' Motion for Attorneys' Fees (Docket No. 247) is **DENIED**.

## II.     COSTS

Defendants also request certain costs as the prevailing party. *See* Docket No. 252. Defendants initially assert that Plaintiff does not dispute awarding costs for Defendants' docket fees ($40), costs for printing posters for use as demonstratives during trial ($2,094.88) and witness fees for Dr. Ian Bogost ($1,124.31) for a total amount of $3,259.19. *Id.* at 4. The Court thus **GRANTS** this request for costs.

Defendants further request costs for trial transcript ($3,853.85), two pretrial hearing transcripts ($566.30) and deposition costs—which include the court reporter and videographer's hourly costs for transcribing and recording, transcript per-page cost for regular delivery and costs of exhibit copying and handling—for certain witnesses ($19,181.23). *Id.* at 5–8. Plaintiff does not object to most of these costs, including all transcripts costs and the videotaping costs of certain witnesses. As indicated in the parties' supplemental briefing, the only remaining objections are to the videotaping costs for Sharmell Huffman, Marc Schwartz and Mark Van Langeveld, totaling

Page **8** of **13**

$2,474.25.  Docket No. 275 at 2; Docket No. 276 at 1.  As to the objected to costs, Plaintiff initially asserted that Defendants presented no compelling argument as to why both printed and electronically recorded transcripts should be recovered in this case.  Docket No. 261 at 2–3.  But Plaintiff does not explain the distinction made between the witnesses he agreed Defendants could receive videotaping costs for and the three witnesses he continues to object to in his supplemental briefing.  Docket No. 275 at 2; Docket No. 276 at 1.

The Court finds that videotaping the depositions was reasonably necessary in this case, as most of the depositions were taken remotely due to the COVID-19 pandemic, and at the time of those depositions, it would have been unclear whether any witnesses would be able to attend trial in person.  *See Realtime Data, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-493, 2013 WL 12156681, at *2 (E.D. Tex. May 1, 2013) ("Although Realtime is correct that certain video depositions were not used at trial, all depositions conducted by both sides in this case were videotaped. Trial settings can be somewhat unpredictable, and if a key witness is not available, a continuance may not be granted. When the depositions were taken, T-Mobile could reasonably have anticipated their witnesses might have to be presented by deposition. Even if a particular witness was ultimately called live, under the Rules, portions of video depositions of Realtime's witnesses could be shown by T-Mobile for impeachment purposes.").  The Court thus **GRANTS** both the objected to and unobjected to cost requests for printed or electronically recorded transcripts under § 1920(2), totaling $23,601.38.

Defendants next request costs associated with the testimony of their own witnesses that were not themselves parties to the case.  Docket No. 252 at 8.  Defendants request reasonable travel costs (based on actual airfare and ground transportation costs) and appropriate attendance and

subsistence allowances for Carolyn Wang,[2] Doug Kidder[3] and Douglas Wolk,[4] as well as the attendance fee ($40) and subsistence allowance ($151) for Dan Bunting. *Id.* at 8–11. Plaintiff does not object to the attendance fee for Bunting ($40). Docket No. 261 at 4–5; Docket No. 271 at 3. As to the objected to costs, Plaintiff argues that Defendants never called Carolyn Wang, Douglas Kidder or Douglas Wolk to the stand and that he should not have to bear any fee associated with these witnesses. Docket No. 261 at 4–5. Plaintiff further argues that Defendants are seeking reimbursement for miscellaneous expenses such as travel expenses and subsistence expenses when such miscellaneous expenses are not recoverable under § 1920 as laid out in the Court's Standing Order Regarding Bills of Costs. *Id.* at 5.

The Court finds that to avoid delay at trial and unnecessary inconvenience to the Court and parties, Defendants may recover costs for witnesses they intended to call but ultimately did not call based on how trial unfolded. *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574–75 (5th Cir. 2005) (awarding costs for witness who was not called in order to save time at the end of trial). The Court thus **GRANTS** Defendants' request for attendance and subsistence costs for these witnesses, totaling $764. The Court **DENIES** the request for travel costs associated with these witnesses, however, in accord with the Court's Standing Order: "Miscellaneous expenses such as postage, facsimiles, electronic legal research, and ***travel expenses*** are not recoverable under § 1920." *See* Standing Order Regarding Bills of Costs for Cases Pending Before Judge Robert Schroeder, 5 (effective January 13, 2016) (emphasis added).

---

[2] The costs for Wang are an attendance fee of $40, a subsistence fee of $151 and travel costs of $1,496.73. *See* Docket No. 271-1.
[3] The costs for Kidder are an attendance fee of $40, a subsistence fee of $151 and travel costs of $1,679.51. *See* Docket No. 271-1.
[4] The costs for Wolk are an attendance fee of $40, a subsistence fee of $151 and travel costs of $1,354.93. *See* Docket No. 271-1.

Defendants finally request costs for exemplification and the costs of making copies. Docket No. 252 at 12. Within this request is the photocopying costs for one set of black and white copies only ($28,687.19),[5] costs for converting native documents to TIFF ($13,500) and costs for the two-member audiovisual and graphics trial support team's work in the week preceding trial and the week of trial ($66,797.75). *Id.* at 12–13. Plaintiff does not object to the TIFF conversation costs or to $9,650.68 in photocopying costs. Docket No. 276 at 1. As to the objected to costs, Plaintiff argues that (1) Defendants do not offer sufficient evidence to meet their burden to show what the claimed expenditures were for and why the copies were necessary for use in this case and (2) that trial technical assistance is not included as recoverable under § 1920(4) and the amount requested is excessive. Docket No. 261 at 5–10.

Regarding the remaining photocopying costs, "[t]he prevailing party does not need to specifically identify every Xerox copy, but does need to make some demonstration that the copies were necessarily obtained in this case." *Patterson v. Allseas USA, Inc.*, No. 9:02-CV-175, 2005 WL 8160964, at *2 (E.D. Tex. Dec. 13, 2005); *see also* Standing Order at 3. Defendants seek only the cost of one set of black and white photocopies, net of any taxes, delivery charges and charges for ancillary items and have corrected the accounting errors previously identified by the Court in its supplementary filings. *See* Docket Nos. 275, 275-1, 275-2. The Court finds that the entire request for photocopying costs was "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Defendants laid out the depositions, filings, hearings and trial the photocopying costs were incurred for and how they calculated the requested amounts. Docket Nos. 275, 275-1, 275-2. Regarding the costs for the trial support team, courts in this district award such exemplification costs to the prevailing party. *See, e.g.*, *Smartflash LLC v. Apple, Inc.*, No. 6:13-CV-447, Docket

---

[5] Defendants amended their requested copying costs in their supplemental briefing. Docket No. 275 at 1.

No. 668 at 9 (E.D. Tex. Dec. 20, 2018) ("This Court requires parties to present their evidence at trial in a streamlined, orderly, and efficient manner. As such, the Court finds that graphics costs in preparation for and during any motion hearings, pre-trial hearings, and trial are properly taxable under § 1920(4)."). Plaintiff's arguments to the contrary and his reliance on *Rimini Street, Inc. v. Oracle USA, Inc.* are unavailing, as *Rimini Street* does not address costs for an audiovisual and graphics trial support team. *See* 139 S. Ct. 873 (2019). Such costs were necessarily obtained for the case, as the case required the jury to examine the similarities and differences between several images. With regard to the Defendants' requested amount, this case is distinguishable from *Finisar Corp. v. DirecTV Grp., Inc.*, where the prevailing party sought over $400,000 for two months of audiovisual and graphics trial support team's work. No. 1:05-CV-264, 2006 WL 2699732, at *2 (E.D. Tex. Aug. 4, 2006). The *Finsar* court found that amount excessive and limited the award of costs to a more reasonable timeframe of work. Here, the Court finds Defendants' request for two graphics experts' work for the week preceding trial and of trial in a case centered around visual works of art reasonable. The Court thus **GRANTS** the objected to and unobjected to costs requested for fees for exemplification and the costs of making copies under § 1920(4), totaling $111,079.82.

* * *

Based on the foregoing, Defendants' Motion for Attorneys' Fees (Docket No. 247) is **DENIED**, and Defendants' Motion for Taxation of Costs (Docket No. 252) is **GRANTED-IN-PART** and **DENIED-IN-PART**. It is

**ORDERED** that Defendants shall recover $3,259.19 in initially unobjected to costs, $23,601.38 in costs for printed or electronically recorded transcripts under § 1920(2), $764 in costs

for witnesses under § 1920(3) and $111,079.82 in costs for exemplification and the costs of making copies under § 1920(4).  It is further

**ORDERED** that **within seven (7) days of the issuance** of this order, the parties shall jointly submit a proposed redacted version of this sealed order so that a public version can be made available.

**So ORDERED and SIGNED this 4th day of January, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE